Memorandum. The order of the Appellate Division is affirmed, with costs. The plaintiff lessor and the defendant lessee entered into an agreement for the rental of a certain *887 apartment in a building owned by the plaintiff. Paragraph 30 of the lease provides that "the Lessor shall have the right to re-enter the apartment and to remove all persons and personal property therefrom, either by summary dispossess proceedings, or by any suitable action or proceeding at law or in equity * * * (d) * * * if the Lessee shall default in the performance of any covenant or provision hereof’. In paragraph 15 the lessee "covenants to obey all such [house] rules and see that they are faithfully observed”, and finally, the lease provides that "if the Lessee shall at any time be in default hereunder and the Lessor shall incur any expense (whether paid or not) * * * in instituting any action or proceeding based on such default, the expense thereof to the Lessor, including reasonable attorneys’ fees and disbursements, shall be paid by the Lessee to the Lessor, on demand, as additional rent.”
In a prior summary proceeding the defendant was found to have willfully violated a house rule restricting the harboring of pets on the premises (40 AD2d 140, app dsmd 31 NY2d 1046). No claim for attorney’s fees was raised in that proceeding. By this separate action the plaintiff now seeks to recover reasonable attorney’s fees incurred in that summary proceeding pursuant to the above lease provision.
The clauses of the lease are interdependent. The lessee covenants to obey the house rules. The right to re-enter and to remove the tenant arises on default of any covenant; and default by the lessee renders him liable for reasonable attorney’s fees on demand. All these facets of the lease are interrelated and constitute but separate integral parts of the whole. The lease entails a single obligation which thus requires the plaintiff to assert its entire claim in one action. Failure to make a claim for attorney’s fees in the initial summary proceeding results in the splitting of a cause of action which is prohibited (Century Factors v New Plan Realty Corp., 41 NY2d 1040, wherein it was stated that "[t]he obligation of the defendant, though consisting of two promises, is in truth a single obligation requiring the plaintiff to assert its full claim in one action”). Likewise in Columbia Corrugated Container Corp. v Skyway Container Corp. (37 AD2d 845, affd 32 NY2d 818), we barred recovery in a separate subsequent action for attorney’s fees under a clause in the lease which provided that such fees were to be paid by the tenant " 'In the event that it shall become necessary for landlord to enforce any provisions *888 of this agreement’ In Columbia Corrugated this court overruled 379 Madison Ave. v Stuyvesant Co. (24 App Div 567, affd 268 NY 576) and any attempt to distinguish that case on hypertechnical grounds is unavailing. Likewise, to the extent that the result reached in 207-17 West 25th St. Co. v BluStrike Safety Razor Blade Co. (302 NY 624, revg 277 App Div 93) is inconsistent with the present case, it should be deemed overruled.
Thus we conclude that the complaint was properly dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.