OPINION OF THE COURT

Per Curiam.

Final judgment entered December 26, 1979 (Nason, J.) modified to the extent of reversing so much thereof as dismissed tenant’s counterclaim for legal fees; the tenant’s counterclaim for legal fees is reinstated, judgment upon the issue of liability upon the counterclaim is awarded in favor of the tenant, and the matter is remitted to the court below for an assessment of damages due under the counterclaim, and as so modified, affirmed, with $25 costs.
The court below concluded that the lease provision providing for a charge to the tenant for landlord’s legal expenses is unconscionable and by extension, permitting attorney’s fees to the tenant is "similarly unconscionable” despite section 234 of the Real Property Law. We find no basis under case law for such a finding; indeed, precedent is precisely to the contrary.
In 379 Madison Ave. v Stuyvesant Co. (242 App Div 567, 569, affd without opn 268 NY 576) the court noted: "The contention is * * * made * * * that the provisions of the lease with respect to counsel fees are contrary to public policy. Our attention is directed to no decision in this State sustaining that contention.” So long as the provision is reasonable and does not constitute a penalty or a forfeiture but is intended as an indemnification for necessary expenses incurred, there is "no principle which precludes the parties from making special provision fully indemnifying either against the consequences of litigation” and there is "nothing offensive to the public interest” in that type of lease stipulation. (Ibid., at p 570.) The case was overruled in Columbia Corrugated Container Corp. v Skyway Container Corp., (32 NY2d 818, 819; see, also, 930 Fifth Corp. v King, 42 NY2d 886) but only insofar as the action brought for the attorney’s fee was held to be an improper splitting of a cause of action. The argument that legal fee provisions in a lease are per se unconscionable has been consistently rejected (McClelland-Metz Mgt. v Faulk, 86 Misc 2d 778; Weidman v Tomaselli, 81 Misc 2d 328, 336, affd 84 Misc 2d 782).
The case of Bay Park One Co. v Crosby (101 Misc 2d 586) *998 (relied on by the lower court) is contrary to the established law of the State, is founded on faulty logic and should not be followed.
Section 234 of the Real Property Law states that when a lease provides that the landlord may recover attorney’s fees in a summary proceeding for breach of a covenant in the lease, then there is "implied in such lease” a corresponding obligation of the landlord to pay the tenant’s legal expenses "incurred * * * in the successful defense of any * * * summary proceeding commenced by the landlord against the tenant arising out of the lease”.
The instant summary proceeding here was disposed of without prejudice, on procedural grounds, unrelated to the merits of the landlord’s claim. Under those circumstances, the question arises whether there has been a "successful defense of any * * * summary proceeding commenced by the landlord against the tenant” a prerequisite to tenant’s recovery of legal fees under section 234 of the Real Property Law.
In Elkins v Cinera Realty (61 AD2d 828), a tenant sought a declaratory judgment that he was entitled to legal fees after the landlord had started two abortive summary proceedings against the tenant. The first failed due to nonappearance of the landlord; the second due to defective verification of the petition. The landlord then began a third proceeding. The Supreme Court denied the relief sought and referred the request for legal fees to the Housing Part of Civil Court. The Appellate Division affirmed. In interpreting section 234, the appellate court said, "it is clear that the Legislature intended such an award to be based on the ultimate outcome of the controversy, whether or not such outcome is on the merits” (emphasis added). The court then said: "If the landlord is ultimately successful in recovering the rent due under the lease [i.e., in the third proceeding that had been started], it would be unjust to allow the plaintiff tenant to recover his reasonable attorney’s fees based on the outcome of each separate stage of what is clearly one controversy. In that event, the court should consider the efforts expended by plaintiff [the tenant] in defending the first two summary proceedings.”
In the case at bar it appears the landlord contemplates no further proceedings to determine the underlying merits. Thus, even though the previous proceeding was not disposed of "on *999 the merits”, the tenant is at this juncture entitled to reasonable legal fees.
The affirmation of the tenant’s attorney is, however, an inadequate basis for awarding the legal fee sought. There should be a hearing at which the tenant will have an opportunity to establish, and the landlord will have an opportunity to refute, the value of those legal services. The nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues, etc., are all factors on which an appropriate award may be determined (cf. Jordan v Freeman, 40 AD2d 656).
Concur: Hughes, J. P., Riccobono and Asch, JJ.