OPINION OF THE COURT
Edward H. Lehner, J.
This action raises issues as to (1) whether a tenant who successfully defended two holdover proceedings, both of which were dismissed on procedural grounds without a determination on the merits, but whose eviction is still being sought in a pending nonpayment proceeding, may recover an attorney’s fee under the implied covenant of section 234 of the Real Property Law, and if so, (2) may *81 such a fee be payable to the tenant who is an attorney and represented himself.
FACTS
Defendants instituted two holdover proceedings against plaintiff claiming that the lease agreement between them was terminated because plaintiff violated its terms by harboring two dogs and creating a nuisance by making noise. The first of the proceedings (L & T 107021/80) was dismissed on December 12, 1980 after a traverse. The second (L & T 115434/80) was dismissed on February 5, 1981 without prejudice because the petition was noticed for a hearing 13 days after issuance rather than the maximum of 12 days permitted by RPAPL 733. On February 12,1981 defendants commenced a nonpayment proceeding alleging that rent is owing for the period from November, 1980 to February, 1981, which proceeding was pending at the time of the trial of this action.
The tenant has recently been admitted to the Bar and is employed on a full-time basis by a public prosecutor. His gross pay is $86.10 per day. He testified that each of the two summary proceedings caused him to spend approximately three hours in court, with each hearing lasting about 30 minutes, all of which resulted in his loss of one vacation day. In addition he stated that he spent 11 hours on his own time doing legal research on the issues, including the questions now before this court. He seeks $1,000 for his legal services under section 234 of the Real Property Law, but has provided the court with no authority to support his claim.
THE “AMERICAN” RULE ON ATTORNEY’S FEES
Although in England and many European countries attorney’s fees are taxed by the winning party, the “american” rule is that such fees are not ordinarily recoverable in the absence of a statute or an enforceable contract providing therefor. (Fleischmann Corp. v Maier Brewing, 386 US 714; Alyeska Pipeline Co. v Wilderness Soc., 421 US 240.) As stated by the Supreme Court in the Fleischmann Corp. case, the theory for this rule is that litigation is uncertain and if the penalty for losing included payments of the fees of opposing counsel, claimants (particularly the poor) *82 might be unjustly discouraged from instituting actions to vindicate rights. Also, the court pointed out that litigating what constitutes reasonable attorney’s fees can pose substantial burdens for judicial administration. (For other arguments on both sides of the issue, see John P. Dawson, Lawyers and Involuntary Clients: Attorney Fees From Funds, 87 Harv L Rev 1597.)
THE STATUTE
The statute involved herein, section 234 of the Real Property Law, states that when a lease provides that the landlord may recover attorney’s fees in a summary proceeding for breach of a covenant in the lease, then there is “implied in such lease” a corresponding obligation of the landlord to pay the tenant’s legal expenses “incurred * * * in the successful defense of any * * * summary proceeding commenced by the landlord against the tenant arising out of the lease”.
Obviously the intent of the section is to create equality in one aspect of landlord-tenant law, the Legislature recognizing that the parties to a lease are generally not of equal bargaining position and that therefore if by contract a winning landlord is entitled to attorney’s fees, so by implied covenant should the tenant.
THE RIGHT TO LEGAL FEES WHILE AN EVICTION PROCEEDING IS STILL PENDING AGAINST TENANT
Defendants argue that plaintiff is not now entitled to any fees pursuant to section 234 of the Real Property Law because the dispute between the parties is still pending and cite Elkins v Cinera Realty (61 AD2d 828) to support their position. In that case two nonpayment proceedings were dismissed without prejudice (one due to nonappearance of the landlord and the other for a defective verification) and a third was still pending. The court held that the tenant was not entitled to an attorney’s fee until the final outcome of the litigation stating: “If the landlord is ultimately successful in recovering the rent due under the lease, it would be unjust to allow the plaintiff tenant to recover his reasonable attorney’s fees based on the outcome of each separate stage of what is clearly one controversy.”
*83 Contrary to defendants’ argument, the rule of the Elkins case does not foreclose a recovery by plaintiff. Here the two suits that were dismissed were holdover proceedings, the landlord alleging the termination of the lease by reason of failure to correct violations. With the subsequent institution of the nonpayment proceeding (L & T 32248/81), the landlord is now affirming the existence of the lease. Upon determination of the amount of rent due, the tenant by paying such amount will be entitled to remain in possession. Since the claim that the existence of lease violations has resulted in its termination has thus been abandoned, with the controversy having culminated favorably to the tenant, he is now eligible for a determination of an award of counsel fees.
THE RIGHT OF AN ATTORNEY TO LEGAL FEES WHEN HE REPRESENTS HIMSELF
The right of a lawyer who appears in propria persona to recover attorney’s fees is far from clear. There is no binding authority in New York and the reported cases in the country are in conflict.
In a recent decision by Housing Court Judge Diane Lebedeff in Parker 72nd Assoc. v Isaacs (109 Misc 2d 57) an award was made under section 234 of the Real Property Law to an attorney acting pro se. The court relied heavily on the 1881 decision of the Court of Common Pleas in Kopper v Willis (9 Daly 460). There the court after examining the statute which provided that (p 468) “neither party shall recover extra costs unless he has an attorney actually engaged in the prosecution or defense of the action”, said (p 469): “the party, being an attorney, gives the professional time, knowledge and experience in the conducting or defense of his suit, which he would otherwise have to pay an attorney for rendering. It can make no difference to the defeated party, who is by law bound to pay the costs of the attorney of the prevailing party, or a fixed equivalent under the Code for it, whether that attorney is the prevailing party himself or another attorney employed by him. The plaintiff, like any other professional man, is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to *84 as much pecuniary loss or damage to him as if he paid another attorney for doing it.”
In dealing with the requirement that the fees be “incurred”, Judge Lebedeff found that a “pecuniary loss or diversion of professional time by an attorney” satisfies the statutory requirement. (Parker 72nd Assoc. v Isaacs, 109 Misc 2d 57, 60, supra.)
A contrary decision was rendered by Judge La Fauci in Chetrick v Briarwood Ct. No. 1 (NYLJ, March 23, 1970, p 15, col 7) where the court denied fees to the tenant who was an attorney representing himself, the court ruling that the lawyer “is attempting to take advantage of a statute which was designed to offset the burden of tenants who must retain counsel and thereby incur attorney fees.”
Without binding precedent in New York, the court has reviewed cases from other jurisdictions from which there appears a trend to permitting recovery.
In Cuneo v Rumsfeld (553 F2d 1360) a denial of legal fees to a lawyer who prosecuted his own case for data under the Federal Freedom of Information Act was reversed, with the court interpreting the statute as not requiring that the fees be “actually incurred”.
In Winer v Jonal Corp. (169 Mont 247) the agreement of the parties provided that in the event a suit is instituted to enforce same, the prevailing party would receive attorney’s fees. An attorney who appeared in propria persona was awarded fees under that agreement. On appeal the award was sustained, the court rejecting a line of older California cases referred to below that would have dictated a contrary conclusion. The court quoted approvingly the language referred to above from the 1881 New York case of Kopper v Willis (9 Daly 460, supra).
In Parquit Corp. v Ross (273 Ore 900) a disbarred lawyer was denied fees pursuant to a statute similar to section 234 of the Real Property Law, with the court specifically stating that it was not deciding whether a fee would be awarded if the attorney was licensed.
In Weaver v Laub (574 P2d 609, 612-613 [Okla]) the court summarized the policy considerations on the issue as follows:
*85 AGAINST AWARDING FEES:
“1. It should be against the policy of the law to allow one to become his own client and charge for his professional services.
“2. Attorneys representing themselves, realizing that they may be awarded a fee for their efforts, might be tempted to raise questions and protract the suit for the sake of their professional profit only.
“3. * * * a particular risk which accompanies the allowing of attorney fees to ‘landowner-attorneys’ who represent themselves in partition actions. That particular risk is this: Attorneys might be tempted to purchase a small undivided interest in a tract of land, for the sole purpose of generating a generous fee for themselves in an action brought to partition the land.”
FOR AWARDING FEES:
“1. Attorneys who represent themselves expend the same professional time, knowledge and experience in the conduct or defense of their suit, as they would have if hired by another party to do so.
“2. The services rendered by attorneys when appearing for themselves are presumably as valuable as the same services would have been in the defense or prosecution of another’s cause.
“3. Attorneys, like other professionals are paid for their time and services and if they render them in the management and trial of their own cause, it may amount to as much pecuniary loss or damage as if they had paid another attorney to represent them.
“4. It can make no difference to a party who, by law, is bound to pay costs including attorney’s fees, whether the fees are to be paid to an attorney representing himself or another attorney employed by him.”
That court concluded that (p 613) “if the dangers can be minimized, fees should be awarded”, with the attorney being required to show that all actions were taken in good faith, the work was necessary, and the fee was reasonable.
*86 On the other hand, in O’Connell v Zimmerman (157 Cal App 2d 330), where the statute referred to attorney fees “incurred”, the court concluded that since the attorney neither paid nor accrued a liability to pay he cannot be deemed to have “incurred” an expense that would sustain a recovery. Although the term “incurred” was not the determining factor, the court in City of Long Beach v Sten (206 Cal 473) also declined an allowance to an attorney who appeared in propria persona. (For an annotation summarizing a number of older cases on this issue, see 78 ALR3d 1119.)
STATUTORY RECOMMENDATION
Disputes between landlords and tenants in the courts of New York City give rise to immense passion. The addition of a claim for attorney’s fees by either party only adds fuel to the flames and exacerbates a difficult situation. Further, it imposes added burdens on judicial administration. (See Fleischmann Corp. v Maier Brewing, 386 US 714, supra.)
In an attempt to remedy the situation, one colleague declared that a provision for attorney’s fees was unconscionable and hence unenforceable. However, his decision was reversed by the Appellate Term in N. V. Madison, Inc. v Saurwein (103 Misc 2d 996). With this avenue closed, I would urge enactment of legislation similar to that contained in subdivision 6-a of section 402 of the Personal Property Law which declares unenforceable any provision in a retail installment contract allowing the creditor to recover legal fees incurred in collection. As a practical matter landlords rarely seek the recovery of attorney’s fees (as opposed to disbursements) and thus such a law would not prejudicially affect the financial relationship of the parties.
DECISION
Having set out the existing authorities and stated what I would hope the law to be, I came to my conclusions in this action.
First, there is nothing in the public policy of New York against an attorney recovering fees when representing himself. SCPA 2110, 2111, 2307, 2308, and 2309 specifically recognize the right of a fiduciary to recover legal fees *87 for acting as his own counsel in addition to receiving statutory fees for serving as fiduciary.
Second, the arguments in favor of granting an allowance to an attorney, who in this case was required to spend time defending his right to remain in his home against what appear to be weak allegations of lease violations which were subsequently abandoned, outweigh those that would deny a recovery.
Third, the attorney should not sustain a windfall gain by reason of this defense which would occur if he were compensated in the amount requested.
Fourth, the attorney should not be compensated for the hours he spent in court awaiting trial as he would have been required to spend this amount of time no matter what his occupation. I would have questions of “equal protection” constitutionally if an attorney were to be compensated for such time spent when we would not compensate any other litigant.
Fifth, the attorney should not be compensated for the time he spent unsuccessfully seeking authorities to sustain his claim herein nor time spent in trying this action.
Sixth, although the attorney is a full-time employee of a public prosecutor and thus not entitled to engage in private practice, he should nevertheless be given reasonable compensation considering all of the circumstances for the time he devoted as a lawyer defending the two proceedings. During these hours he could have been occupied in any other pursuit of his choosing and the court finds that by professionally spending such time as aforesaid, he satisfies the requirement of section 234 of the Real Property Law to entitle him to compensation.
Seventh, the legal matters before the court in the summary proceeding were rather simple and did not require a great deal of preparation.
Eighth, there has been no prior determination on the merits of the claim before the court, and,
Ninth, by reason of the above, the reasonable counsel fee to be paid by the defendants to the plaintiff pursuant to the implied covenant of section 234 of the Real Property Law is *88 $200, for which plaintiff may have judgment. Counterclaim dismissed for lack of proof.