OPINION OF THE COURT
David B. Saxe, J.
If a landlord’s summary eviction proceeding is dismissed because it is based on a legally defective notice to cure, may the tenant nevertheless recover attorneys’ fees even though it is uncertain whether “the landlord contemplates no further proceedings to determine the underlying merits” of the action? (N.V. Madison, Inc. v Saurwein, 103 Misc 2d 996, 998 [App Term, 1st Dept].)
Based upon an analysis of section 234 of the Real Property Law, which authorizes the recovery of attorneys’ fees in certain landlord-tenant residential proceedings, cases decided thereunder, and upon an examination of the American rule that generally eschews awards of attorneys’ fees to the prevailing party in litigation and the exceptions to the rule, I hold that the tenant here is entitled to a recovery of attorneys’ fees.
The facts are these: The landlord sought possession in the eviction proceeding on the ground that the tenant was violating a substantial obligation of the tenancy (i.e., using residential premises for commercial purposes). The tenant was given a five-day notice to cure pursuant to a lease *1027 provision. Section 53 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Rent Stabilization Code) requires the tenant to receive a 10-day notice to cure.
Further, section 11 of the Rent Stabilization Code states: “An agreement by the tenant to waive the benefit of any provision of the Rent Stabilization Law or this Code shall be void.” The requirement of a 10-day notice is strictly construed. (See 185 East 85th St. Co. v Gravanis, NYLJ, Jan. 21, 1981, p 6, col 2 [App Term, 1st Dept].) Therefore, despite the fact that the landlord and tenant agreed in the lease to limit the time for cure, the law is clear that any such diminution in cure time is ineffective.
The landlord incorrectly argued that this court should grant permission to amend its notice to cure. (Matter of Chinatown Apts, v Chu Cho Lam, 51 NY2d 786.) The petition is dismissed.
Under section 234 of the Real Property Law tenants are entitled to reasonable attorneys’ fees when successful in defending a suit instituted by the landlord.
In Elkins v Cinera Realty (61 AD2d 828), two nonpayment proceedings were dismissed without prejudice and a third was pending when the tenant sought an award of attorneys’ fees. The court held that the tenant was not entitled to an attorneys’ fee until the final outcome of the litigation, stating (p 828): “If the landlord is ultimately successful in recovering the rent due under the lease, it would be unjust to allow the plaintiff tenant to recover his reasonable attorney’s fees based on the outcome of each separate stage of what is clearly one controversy.”
Where it appears however that the landlord contemplates no further .proceedings even though the disposition in favor of the tenant was “ ‘not on the merits’ ”, the tenant was entitled to legal fees. (N. V. Madison, Inc. v Saurwein, supra, pp 998-999.)
On the facts submitted, I cannot determine whether the landlord will commence another holdover proceeding against the tenant. That being so, an award of counsel fees under section 234 of the Real Property Law would not be warranted.
*1028 Nevertheless, where resort to section 234 of the Real Property Law is unavailing, a litigant may in appropriate circumstances be awarded attorneys’ fees under certain limited exceptions that exist to the prevailing rule in this country: that absent a statute or enforceable contract to the contrary, litigants pay their own attorneys’ fees. (Alyeska Pipeline Serv. Co. v Wilderness Soc., 421 US 240; Doyle v Allstate Ins. Co., 1 NY2d 439.)
This rule, according to one authority, is based on the proposition that to make the loser pay the winner’s counsel “ ‘would add injustice to injustice, would mean stepping on one who is down, and it would make honest men unwilling to go to court’ (Ehrenzweig, Reimbursement of Counsel Fees and The Great Society, 54 Cal L Rev 792, 796.)
The American rule has to a large extent been rigidly applied, in almost all jurisdictions, primarily on the justification that the legitimate resort to the court system would be discouraged if litigants were confronted with the specter of paying their opponents’ fees as well as their own. (See, generally, Thueson, Attorney Fees; Slipping From The American Rule Strait Jacket, 40 Mont L Rev 308; Kuezel, The Attorney Fee; Why Not A Cost of Litigation?, 49 Iowa L Rev 75; Farmer v Arabian Amer. Oil Co., 379 US 227, 236.)
It is obvious to this court that the American rule implies however the cynical if not most certainly incorrect belief that Judge and juries are more often wrong than right. (See Ehrenzweig, id., p 796.)
Because of apparent dissatisfaction with this rule, exceptions have been created. For example, it is recognized that a prevailing party will be entitled to counsel fees where his opponent has acted in bad faith. (Hall v Cole, 412 US 1.) The existence of bad faith will not easily be concluded by a court and as one court stated, will only be found when the loser has contumaciously deprived a (person) of his clear legal entitlement, forcing the latter into the expense of rescuing himself through legal action. (See Vaughan v Atkinson, 369 US 527.)
Examples of conduct which have resulted in a losing party bearing the winner’s counsel fees have included the filing of an unwarranted motion to hold an opponent in *1029 contempt for failing to obey a court order (see Alyeska Pipeline Serv. Co. v Wilderness Soc., 421 US 240, supra), the vexatious seeking of a preliminary injunction without cause (Matter of Boston & Providence R. R. Corp., 501 F2d 545), and the use of dilatory tactics to stall litigation until the plaintiff is driven to financial extinction. (Hall v Cole, supra, p 15.)
Here, the use by the landlord of a clearly insufficient and improper notice to cure warrants the conclusion that its use is nothing short of being oppressive and is evidence of bad faith. The landlord had the responsibility to comply with the Rent Stabilization Code. It knew, or should have known, that the time for cure prescribed by the Rent Stabilization Code could not be diminished by prior agreement. Nevertheless, it persisted in the use of this notice and caused the tenant to engage counsel who made this predictable and successful motion.
The finding is inescapable that the landlord’s action has been undertaken in bad faith. The tenant in its motion requested counsel fees. She is therefore entitled to them. The clerk is directed to notify both sides of a date for a hearing on the amount of the award.