OPINION OF THE COURT
Karla Moskowitz, J.
In this small claims action, claimant seeks reimbursement for attorney’s fees he incurred defending himself in a holdover proceeding (L&T No. 105469). His action is predicated on section 234 of the Real Property Law.
Defendant alleges that: claimant cannot bring a separate action for attorney’s fees because claimant did not request them in his answer and the landlord would be barred (930 Fifth Corp. v King, 42 NY2d 886); that until the matter is finally adjudicated, it is inappropriate to allow attorney’s fees; and that claimant has failed to show that his attorney’s fees were for work connected with that holdover proceeding.
The issue to be resolved in this action is whether claimant may recover attorney’s fees for a holdover proceeding dismissed in his favor where the landlord brings a second holdover on different grounds.
PRIOR PROCEEDINGS
Defendant here brought a holdover proceeding against claimant tenant in January, 1981 pursuant to a notice to *87 cure an alleged breach of the lease in permitting occupancy by persons not members of tenant’s immediate family (L&T No. 105469/80).
The proceeding was dismissed on February 9, 1981 on procedural grounds (Yamashiro v Dowling, Civ Ct, NY County, Feb. 9, 1981, Dankberg, J. [L&T No. 105469/80]). The notice to quit and notice to cure purported to terminate the tenancy as of September 10,1980, whereas the petition alleged the tenancy expired October 31, 1980. The court found that the tenancy was never properly terminated because there was no explanation for the discrepancy in dates.
On January 30, 1981, claimant and other tenants in the building at 224 East 12th Street obtained a stay in the Supreme Court preventing defendant from evicting them. The court lifted the stay and refused to issue a preliminary injunction on April 16, 1981. (Dowling v Yamashiro, Supreme Ct, NY County, April 16, 1981, Williams, J. [Index No. 1952/81].) At the time of trial in this action, the tenants’ Supreme Court action for harassment was pending.
Thereafter, under the index number of the holdover summary proceeding, claimant here moved for attorney’s fees. The court denied the motion without prejudice to any right to bring an action at law under section 234 of the Real Property Law (Yamashiro v Dowling, Civ Ct, NY County, Sept. 14, 1981, Dankberg, J. [L&T No. 105469/80]). The court did not determine whether there had been an “ultimate outcome of the controversy” in view of the pending summary proceeding (L&T No. 62794/81), citing N.V. Madison, Inc. v Saurwein (103 Misc 2d 996). Nor did the court decide whether the motion was untimely.
In the second summary proceeding (L&T No. 62794/81), the landlord claims that the tenant is holding over based on an expiration of the lease on February 28, 1981 that defendant landlord here refused to renew.
That lease contained a clause giving the landlord the right to collect attorney’s fees for proceedings brought against the tenant.
*88 At no time did defendant here initiate another holdover proceeding based on an alleged violation of the lease of nonfamily members residing in the apartment.
APPLICABLE LAW AND DISCUSSION
Section 234 of the Real Property Law permits a tenant to recover reasonable attorney’s fees and expenses in successfully defending a summary proceeding whenever a residential lease provides that a landlord may recover attorney’s fees in like situations. Any waiver of the section is void as against public policy.
In order for the tenant to recover attorney’s fees under section 234 of the Real Property Law, there must be an ultimate outcome of that proceeding. The disposal of a summary proceeding on procedural grounds has been held to be an “ultimate outcome of the controversy”. (Elkins v Cinera Realty, 61 AD2d 828; N.V. Madison, Inc. v Saurwein, 103 Misc 2d 996, supra.)
The tenant may not recover attorney’s fees for summary proceedings that have been dismissed where another summary proceeding on the same grounds is pending because the landlord might ultimately succeed. (Elkins v Cinera Realty, 61 AD2d 828, supra.)
On the other hand, in McMahon v Schwartz (109 Misc 2d 80), the court found the tenant was entitled to recover attorney’s fees incurred in two previous holdover proceedings based on failure to correct violations, even though a nonpayment proceeding was pending. The court reasoned that by the nonpayment proceeding the landlord was affirming the existence of the lease and had abandoned its claim that lease violations terminated the lease. Thus the previous holdover proceedings had culminated in tenant’s favor. (McMahon v Schwartz, supra, at p 83.)
Defendant’s argument that claimant is barred from maintaining this cause of action under 930 Fifth Corp. v King (42 NY2d 886, supra), is misplaced. The Court of Appeals held in 930 Fifth Corp. v King (supra), that a landlord who had failed to claim attorney’s fees in a prior summary proceeding is barred from maintaining a separate action for reasonable attorney’s fees sought pursuant to a lease provision. The court found that the clause in the *89 lease providing attorney’s fees was interdependent with the clause requiring the lessee to obey the house rules on which the previous action was based. The court in the summary proceeding had found the tenant in willful violation of the house rule restricting pets. The landlord’s failure to assert its claim in the first proceeding resulted in a prohibited splitting of a cause of action.
In contrast, claimant here moved for counsel fees pursuant to section 234 of the Real Property Law in the initial summary proceeding, after the proceeding had been dismissed. That motion was denied without prejudice.
More important, claimant’s lawsuit, as opposed to the landlord’s claim in 930 Fifth Corp. (supra), is not predicated on a contractual right, but on a right created by a statute that the Legislature passed in an attempt to “create equality in one aspect of landlord-tenant law”, recognizing that the parties to a residential lease are generally not in an equal bargaining position. (McMahon v Schwartz, supra.) This right cannot be deemed part of the underlying case and waived by the tenant if the tenant fails to assert it as a counterclaim. As a remedial statute, section 234 of the Real Property Law is to be given a liberal construction to carry out the reform intended by the Legislature and interpreted in the interest of those whose rights it seeks to protect. (McKinney’s Cons Laws of NY, Book 1, Statutes, §321.)
Defendant here did not bring another holdover proceeding to terminate claimant’s lease predicated on claimant’s alleged violation of the lease in permitting nonfamily •members to occupy plaintiff’s apartment. Instead, once the Supreme Court stay was lifted, defendant started another holdover proceeding on entirely different grounds, electing to decline to offer claimant another lease. Even if defendant is ultimately successful in the second holdover proceeding, claimant was successful in the prior summary proceeding and maintained possession of the premises through the completion of his lease. As in McMahon v Schwartz (supra), the landlord abandoned any attempt to reassert the claim of the first summary proceeding. Thus, there was an ultimate outcome on a prior summary proceeding on other grounds and claimant is entitled to re *90 cover attorney’s fees pursuant to section 234 of the Real Property Law.
REASONABLE ATTORNEY’S FEES
The attorney who represented claimant in the summary proceedings and Supreme Court action testified and was subject to cross-examination in this small claims action. He testified as to his time spent preparing the order to show cause to dismiss the petition, memorandum of law, and in court for L&T No. 105469. The attorney performed these services in January and February, 1981. He billed claimant for these services, together with services in the Supreme Court action. Claimant paid for these services.
In determining the reasonable value of the legal services performed in connection with the dismissed holdover proceeding, the court has taken into consideration the pleadings, the basis of the dismissal and time spent in preparation and in court. (N.V. Madison, Inc. v Saurwein, 103 Misc 2d 996, supra.) The court finds the reasonable attorney’s fees claimant incurred in the summary proceeding were $890.
DECISION
The claimant incurred reasonable legal expenses of $890 in successfully defending a holdover proceeding. Even though defendant has initiated a holdover on different grounds, claimant was ultimately successful in the initial holdover and is entitled to recover $890 from defendant pursuant to section 234 of the Real Property Law.