OPINION OF THE COURT
Harold Tompkins, J.
Respondent moves for an award of attorney’s fees pursuant to section 234 of the Real Property Law. The parties have consented to a determination based upon the papers submitted, thus avoiding the necessity of holding a hearing on this issue (N. V. Madison, Inc. v Saurwein, 103 Misc 2d 996). Resolving these issues on papers, as done in the Federal courts, leads to an expeditious determination of whether the party is entitled to fees and the amount of the award and is in the interest of judicial economy.
The threshold question which must be resolved is whether respondent, assignee of a lease between the overlord Parker 14th Associates and the petitioner herein, can recover attorney’s fees from the petitioner assignor after the successful defense of a holdover proceeding brought by said assignor.
Section 234 of the Real Property Law provides that “Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord *1085 may recover attorneys’ fees and/or expenses incurred as a result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease”.
It was not the policy of the Legislature to reverse the American rule on attorney’s fees. Rather it was a realization that in the urban housing marketplace the landlord holds a far stronger hand than did tenants when lease provisions were bargained for. It was for this reason the Legislature provided in the statute “[a]ny waiver of this section shall be void as against public policy.” It is the opinion of this court that in the absence of any such provision in a lease neither the landlord nor tenant has a right to attorney’s fees (cf. Park South Assoc. v Essebag, 113 Misc 2d 1026). In the case at bar, the only agreement between the parties is a “sublease” agreement. This agreement although denominated a sublease was found to be an assignment since there is no reversionary interest in the prime tenant. (Stewart v Long Is. R. R. Co., 102 NY 601.) The agreement is silent as to attorney’s fees.
The court does not read this agreement as allowing the prime tenant assignor to recover attorney’s fees in a successful action against the subtenant assignee and the court will not imply a covenant to allow the subtenant assignee such a right against his prime tenant assignor merely because in a proceeding between the overlord and prime tenant assignor such a right would have been present.
It is hornbook law that an assignee steps into the shoes of the assignor. And in a proceeding brought by the overlord against the assignee, the assignee would be in the same position as the assignor and thus, where the lease assigned granted the overlord a right to attorney’s fees, the assignee would acquire the assignor’s statutory right to *1086 attorney’s fees under section 234 of the Real Property Law. However, since this proceeding is brought by the assignor, and the assignor had no right to attorney’s fees under the “sublease” agreement, the assignee does not acquire such right under section 234 of the Real Property Law.
Motion denied.