OPINION OF THE COURT
Per Curiam.
Final judgment entered December 13, 1985 reversed, with *1094 $30 costs, and the award of attorney’s fees to the tenant is vacated.
In this nonprimary residence proceeding, the petition was dismissed on the merits after a finding in tenant’s favor. Attorney’s fees were awarded to the prevailing tenant after a hearing. In making the award, the Civil Court reasoned that while a landlord who brings a successful holdover proceeding based on nonprimary residence should not receive attorney’s fees, since the dispute does not arise out of the lease, a tenant who successfully defends such a proceeding is entitled to attorney’s fees pursuant to Real Property Law § 234. This seems to us to be an anomalous and one-sided result. Bearing in mind the reciprocal purpose of section 234 — i.e., "to balance the rights of landlord and tenant in the context of what had been the standard attorney’s fee provision contained in the standard form lease” (College Props. v Bruce, 122 Misc 2d 766, 768, affd 104 AD2d 1063) — the statute should not be construed so as to entitle tenants to recover attorney’s fees in those same proceedings where recovery has been denied to landlords. In light of our holding that a prevailing landlord in a nonprimary residence proceeding may not recover attorney’s fees under a lease clause which speaks to a tenant’s default under the terms of a lease (Cier Indus. Co. v Hessen, NYLJ, Jan. 13, 1987, at 6, col 3 [App Term, 1st Dept]), we deny attorney’s fees to the prevailing tenant in this proceeding.