OPINION OF THE COURT
Sidney Rosen, J.
The issue presented upon this application for an award of attorneys’ fees is the applicability of section 234 of the Real *944 Property Law to a holdover proceeding based upon an alleged failure of a rent-stabilized tenant to renew the lease.
The trial of this action resulted in a decision in favor of the tenant respondent, the court having resolved the conflicting testimony in his favor and relying on the several cases set forth in the decision which favored the avoidance of forfeiture of rent-regulated apartments, the petition was dismissed and possession awarded to the respondent.
Respondent’s counsel predicates his entitlement to an award of attorneys’ fees on paragraph 22 of the original lease of the parties which provides for the payment of attorneys’ fees to the landlord by the respondent for the bringing of any legal action or dispossess proceeding and the reciprocal provisions of Real Property Law § 234 which provides for the implied covenant in every lease of residential property for the landlord to pay the reasonable attorneys’ fees and/or expenses incurred by the tenant in the successful defense of any action or summary proceeding commenced by the landlord against the tenant.
Paragraph 22 of the lease relied on by counsel provides: "Fees and Expenses: If Tenant shall fail to obey any agreement or promise on Tenant’s part to be performed under the lease, then Landlord may immediately or at any time thereafter and without notice, except as mentioned elsewhere in the lease, perform the agreement of Tenant under the lease, and if Landlord, in connection with any failure by Tenant to obey the lease, spends or becomes obligated to spend any money including but not limited to attorney’s fees in bringing any legal action or dispossess proceeding, such money so paid or debt incurred with interest and costs shall be considered to be additional rent”.
A careful analysis of the foregoing clause of the lease restricts the award of attorneys’ fees to breaches of the lease. Note the language, "If Tenant shall fail to obey any agreement or promise on Tenant’s part to be performed under the lease” and further on, "in connection with any failure by the Tenant to obey the lease”. The failure or refusal of a tenant to renew a lease cannot be regarded as a breach of the terms of a lease, although such failure or refusal may result in his dispossession. Real Property Law § 234 is intended to effect mutuality in landlord-tenant litigation and accomplishes its purpose by the implied covenant in residential leases which imposes an obligation upon the landlord to compensate a *945 successful tenant for attorneys’ fees whenever the lease entitles the landlord to such fees (Feierstein v Moser, 124 Misc 2d 369, 371). Thus, if a lease does not entitle a landlord to attorneys’ fees, the tenant may not recover any. (Eleven Waverly Assocs. v Waering, 134 Misc 2d 1093 [App Term, 1st Dept, Feb. 19, 1987].)
In the instant case, the holdover proceeding did not arise as a consequence of a breach of a lease provision by the tenant so that the lease clause would not form the basis of an award of any attorneys’ fees to either litigant.
In a strikingly similar case (317 W. 55th St. Assocs. v Maione, NYLJ, May 6, 1986, at 6, col 2), the Appellate Term, First Department, modified an order by striking a provision awarding the landlord attorneys’ fees. The proceeding was based upon tenant’s refusal to execute a written extension or renewal of his lease. The trial court awarded a final judgment to the landlord, but because of a determination that the tenant’s explanation of his failure to renew was credible, the issuance of the warrant was stayed on condition that the tenant execute a renewal lease within 20 days. In striking the award of attorneys’ fees awarded to the landlord, the appellate court stated: "In our view, the circumstances do not fairly describe a situation where the tenant 'fail[ed] to obey any agreement or promise on Tenant’s part to be performed under the Lease’ (lease, paragraph 22), so as to trigger liability for attorney’s fees.” (Supra, at 6, col 2.)
The same logic and reasoning have been applied to the recent line of cases which have denied landlords an award of attorneys’ fees when they regain possession of rent-stabilized apartments after establishing that tenants are not occupying them as their primary residences. Thus, in the often-cited case of Cier Indus. Co. v Hessen (NYLJ, Jan. 13, 1987, at 6, col 4 [App Term, 1st Dept]) the court affirmed the decision of the Housing Court in denying an award of attorneys’ fees and stated, "We think it was within the contemplation of the parties to reserve the attorney’s fee provision premises upon the tenant’s failure to comply with a term of the lease, as opposed to those proceedings where the parties are, in essence, litigating their statutory rights under the Rent Stabilization Law and Code”.
The application of counsel for the respondent for an award of attorneys’ fees is accordingly denied.