OPINION OF THE COURT
Lewis R. Friedman, J.
"In the United States, the prevailing litigant is ordinarily *715 not entitled to collect a reasonable attorneys’ fee from the loser” (Alyeska Pipeline Co. v Wilderness Socy., 421 US 240, 247). The courts may not create a right to recover attorney’s fees; the right must be statutory or contractual. In the Federal jurisdiction alone there are currently well over 100 attorney’s fee-shifting statutes in areas as diverse as civil rights (42 USC § 1988), antitrust (15 USC § 15), Freedom of Information (5 USC § 552 [a] [4] [E]) and Truth in Lending (15 USC § 1640 [a]). There are some fee-shifting statutes in New York (e.g., CPLR 8303-a), but the most commonly seen form of fee shifting occurs by contract, as in commercial credit agreements and leases of real property.
Lease provisions authorizing payment by the tenant of the successful landlord’s attorney’s fees have long been upheld. (379 Madison Ave. v Stuyvesant Co., 242 App Div 567, 569-570, affd 268 NY 576, overruled on other grounds Columbia Corrugated Container Corp. v Skyway Container Corp., 32 NY2d 818, 819; cf., 930 Fifth Corp. v King, 42 NY2d 886.) The issues in the instant case concern the right of tenants to recover attorney’s fees from a landlord in a proceeding under RPAPL article 7-A.
The petitioning tenants brought a proceeding under RPAPL article 7-A, which may be commenced by one third or more of the tenants in a dwelling if there is "a lack of heat or of running water or of light or of electricity or of adequate sewage disposal facilities, or any other condition dangerous to life, health or safety” (RPAPL 770 [1]; see, Maresca v 167 Bleecker, 121 Misc 2d 846, 849; Lawrence v Martin, 131 Misc 2d 256, 258). After trial, an order was entered granting the relief. Thereafter, the respondent owner successfully moved pursuant to RPAPL 777 for an order allowing it to post a bond and remedy the conditions.
Petitioners now contend that Real Property Law § 234 authorizes the recovery of attorney’s fees. The reported cases have not discussed the application of Real Property Law § 234 to proceedings brought under RPAPL article 7-A.
The enactment of Real Property Law § 234 in 1966 (L 1966, ch 286) caused a substantial change in New York law. The legislation created a hybrid — a contract right to recover attorney’s fees is implied by statute. The law provides: "Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of *716 the tenant to perform any covenant or agreement contained in such lease * * * there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease”.
Petitioners contend that their leases meet the predicate of Real Property Law § 234 by providing that the landlord may recover attorney’s fees. The lease of one of the petitioners, which is represented as typical of all petitioners’ leases, is annexed to the moving papers. That lease, on the 1981 standard form of apartment lease of the Real Estate Board of New York, provides, in pertinent part: "You must reimburse owner for any of the following fees and expenses incurred by owner * * * (5) any legal fees and disbursements for legal actions or proceedings brought by owner against you because of a lease default by you or for defending lawsuits brought against owner because of your actions.”
The first question is whether that language "triggers” Real Property Law § 234. There is little doubt that it does. The lease clause applies to any action or proceeding brought "because of a lease default”; that is broad enough to meet the statutory threshold that the lease provide for attorney’s fees to be paid to the landlord for actions "incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease.” (See, 119 Fifth Ave. Corp. v Berkhout, 134 Misc 2d 963, 966-967, rearg 135 Misc 2d 773.) At least as to the tenants with leases on the same printed form as the one submitted, section 234 applies. Landlord argues that since several of the petitioners are rent controlled, not rent stabilized, section 234 is inapplicable to them. The law is, however, settled that an attorney’s fees clause is carried forward into a statutory tenancy even if the lease was executed prior to the enactment of section 234 (College Props. v Bruce, 122 Misc 2d 766 [App Term, 1st Dept], affd 104 AD2d 1063; Deary v Keith, 68 Misc 2d 110; but see, Cox v First Natl. Realty & Constr. Corp., 50 AD2d 535).
Numerous cases have held that Real Property Law § 234 is designed to create a "reciprocal” right to tenants’ recovery of attorney’s fees where a landlord has a contractual right to such fees. (See, e.g., Haberman v Wassberg, 131 AD2d 331, 333-334; N. V. Madison, Inc. v Saurwein, 103 Misc 2d 996 [App Term, 1st Dept]; Eleven Waverly Assocs. v Waering, 134 Misc 2d 1093 [App Term, 1st Dept]; Satraj Props. v Toral, NYLJ, *717 Feb. 10, 1987, at 5, col 1 [App Term, 1st Dept]; Herrick v Debard, NYLJ, Feb. 18, 1987, at 13, col 4; Scotia Assocs. v Bond, 126 Misc 2d 885.) It was "the obvious intent of the Legislature to balance the rights of landlord and tenant in the context of what had been the standard attorney’s fee provision contained in the standard form lease” (College Props. v Bruce, 122 Misc 2d, supra, at 768; McMahon v Schwartz, 109 Misc 2d 80, 82).
Without doubt, Real Property Law § 234 creates a "mutuality of obligation” since it applies only where the landlord has a lease-given right to attorney’s fees. Yet, once the applicability threshold is met, the substance of the tenant’s rights may differ from the landlord’s. The landlord’s right to attorney’s fees is based on the language of the lease, while the tenant’s is based on the language of the statute.
An analysis of the language of section 234 establishes its applicability to article 7-A proceedings. It is now beyond question that the warranty of habitability is an implied covenant in every residential lease (Real Property Law § 235-b). Indeed, in the commonly used standard form lease annexed to the moving papers, the landlord specifically represented "[o]wner agrees that the Apartment and the Building are fit for human habitation and that there will be no conditions which will be detrimental to life, health or safety.” The existence of an article 7-A "condition dangerous to life, health or safety” (RPAPL 770 [1]) is obviously a breach of that warranty and, therefore, constitutes a "failure of the landlord to perform any covenant or agreement on its part to be performed under the lease” (Real Property Law § 234). It follows that a proceeding under RPAPL article 7-A brought as a result of a breach of the expressed and implied warranty of habitability may properly invoke section 234. "[W]here the statutory language is clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words used”. (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345; Bender v Jamaica Hosp., 40 NY2d 560, 562.)
Sound policy reasons support that result. Article 7-A is designed for the case where the landlord has so allowed the premises to deteriorate that outside administration of the building is appropriate. Tenants should be encouraged to resort to article 7-A when other means of redress have been ineffective. It is, therefore, reasonable to make them whole and award them the costs of their action when they have *718 prevailed. The addition of Real Property Law §234 was to redress in a limited way the imbalance between the bargaining positions of landlord and tenant. The proven failure of the landlord to maintain basic conditions at the building strongly suggests that the balance need be corrected. Awarding attorney’s fees is one of those ways.
Some cases appear to hold that attorney’s fees are not recoverable where the proceeding involved is not a traditional landlord-tenant proceeding based on a breach of a specific lease provision. (East 55th St. Joint Venture v Litchman, 126 Misc 2d 1049, 1051 [App Term, 1st Dept]; Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297, 305-306; Taylor v Haddad Corp., 118 Misc 2d 253.) An analysis of the records on appeal in those cases shows that their authority is weak (119 Fifth Ave. Corp. v Berkhout, 134 Misc 2d, supra, at 964-965). However, the Appellate Term, First Department, has recently held that "non-primary residence” cases do not arise under a lease provision and, therefore, attorney’s fees are not payable to successful landlords (Cier Indus. Co. v Hessen, NYLJ, Jan. 13, 1987, at 6, col 3); similarly, fees are not payable to tenants under section 234 (Kam Wai Realty v Chin, NYLJ, Apr. 13, 1987, at 15, col 1). The same reasoning was applied to "owner occupancy” cases (Reilly v Annunziata, NYLJ, Aug. 16, 1985, at 6, col 1). However, in Eaton v New York City Conciliation & Appeals Bd. (56 NY2d, supra, at 346), an article 78 proceeding challenging CAB rulings, the Court of Appeals directed a hearing on attorney’s fees to be awarded pursuant to section 234; on remand the court awarded fees to the petitioning tenant (Nesbitt v New York City Conciliation & Appeals Bd., 121 Misc 2d 336). Fees have also been held payable in certain declaratory judgment actions (Thomas Loft Tenants Assn. v Lawrence Co., 117 Misc 2d 360, 368-370).
The language of section 234 unequivocally establishes the tenants’ right to attorney’s fees outside the context of a summary dispossess proceeding. There is implied in every lease "an agreement that such fees * * * may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant” (Real Property Law § 234). Thus, the legislative intent is clear, so long as the action initiated by the tenant against the landlord is legally authorized, attorney’s fees may be obtained in that proceeding. *719 Respondent argues that, since an order pursuant to RPAPL 777 was issued, the tenants have not "prevailed” and, therefore, are not entitled to attorney’s fees. There has developed a substantial body of cases holding that attorney’s fees may only be awarded to a tenant under section 234 where the tenant is the "prevailing party” (e.g., Haberman v Wassberg, 131 AD2d 331, supra; Concord Vil. Mgt. Co. v Rubin, 101 Misc 2d 625, 628-629; N. V. Madison, Inc. v Saurwein, 103 Misc 2d 996, supra; 72nd St. Assocs. v Pyle, 124 Misc 2d 1087, 1090, mod 105 AD2d 607, appeal dismissed 64 NY2d 774; Sutton Fifty-Six Co. v Garrison, NYLJ, July 2, 1986, at 6, col 1 [App Term, 1st Dept]). Nearly all of those cases arose under the branch of section 234 which applies to "the successful defense of any action or summary proceeding”. In the context of a summary nonpayment proceeding involving a claimed breach of the warranty of habitability, where the landlord establishes a prima facie case, there is a question of whether the tenant who has received an abatement has been "successful” (Sutton Fifty-Six Co. v Garrison, supra). Those questions are not present here.
This case does not involve a "defense” to a summary proceeding. In any event, the petitioners have prevailed. The court’s finding that there were conditions dangerous to life, health and safety sufficient to warrant the appointment of an administrator is "success” on the merits of the case. The subsequent order under RPAPL 777 does not negate the trial’s finding nor does it establish that respondents were correct. Rather, it is a discretionary decision by the court to allow the owner to post a bond and have a "last chance” to comply with the law.
The better-reasoned cases have made it clear that attorney’s fees are to be awarded unless the court finds that the tenants have proceeded in bad faith (Feierstein v Moser, 124 Misc 2d 369, 372; Nesbitt v New York City Conciliation & Appeals Bd., 121 Misc 2d, supra, at 340; contra, Thomas Loft Tenants Assn. v Lawrence Co., 117 Misc 2d, supra, at 369). Based upon the trial verdict the court finds the tenants to have acted in good faith.
The posture of the case is that there has been an "ultimate outcome” of the proceeding sufficient to permit the award of fees to the petitioners at this time. (Elkins v Cinera Realty, 61 AD2d 828; N. V. Madison, Inc. v Saurwein, supra.) The possibility of further proceedings to enforce the RPAPL 777 order *720 does not prevent the conclusion that the tenants have finally prevailed.
There must be a hearing to determine the amount of the reasonable attorney’s fees incurred (Sadofsky v Sadofsky, 78 AD2d 520). At that hearing the petitioners shall establish the particular lease applicable to each tenant. In the event there is no attorney’s fees clause applicable with respect to any tenant, petitioners may show the effect, if any, that that would have on the fees payable to tenants whose leases contain valid attorney’s fees clauses. (Sommer v Hyman, 122 Misc 2d 399, 403-404, revd on other grounds 126 Misc 2d 903.)
The hearing shall be before the undersigned on January 7, 1988.