280 N.J. Super. 68 (1994)
654 A.2d 506
MOKHTAR ASAADI, M.D., PLAINTIFF,
v.
DAN MELTZER AND HARVEY MELTZER, DEFENDANTS/THIRD PARTY PLAINTIFFS,
v.
STATE FARM INSURANCE, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Essex County.
September 7, 1994.
*70 Lisa Della Pelle, for plaintiff (Fishman & Callahan, attorneys).
Harvey Meltzer, pro se.
FAST, J.S.C.
Plaintiff, Dr. Mokhtar Asaadi, a doctor of plastic surgery, performed certain emergency medical services for defendant Dan Meltzer (Dan) after an injury to his hand.
*71 Dan's father, Harvey Meltzer (Meltzer), accompanied Dan to St. Barnabas Hospital after the injury occurred. Upon admittance to the emergency room, Harvey gave information to the hospital staff concerning the insurance policy under which his adult son, Dan, was to have been covered. The insurance policy given was Meltzer's State Farm Insurance policy.
Dr. Asaadi and St. Barnabas Hospital sought payment for the services rendered to Dan from State Farm Insurance company. The entire amount of the medical bill was not covered under the codes given by Dr. Asaadi's staff to State Farm, and Meltzer would not authorize them to make the payment. Suit was then brought by Dr. Asaadi against both Dan and Meltzer to recover the balance due, which is $830.00. Meltzer was made a defendant because, as was alleged by plaintiff, he promised to pay for the debt of his son. Meltzer represented only himself at all times material to this opinion. (His son had not then, as material to this motion, been served, nor would Meltzer accept service for his son).
Meltzer, representing himself pro se, brought a motion for summary judgment to have the complaint against him dismissed with prejudice. He argued that the action against him was frivolous; done merely to harass and intimidate him into paying his son's medical bill. The court granted the motion and dismissed the complaint against Meltzer without prejudice (on the basis that his son may have wanted to file a cross-claim against him.)
In addition to that relief, Meltzer also sought attorney's fees and costs, pursuant to N.J.S.A. 2A:15-59.1. That statute provides, as material that:
a. A party who prevails in a civil action, ... as plaintiff or defendant ... may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, ... of the nonprevailing person was frivolous.
[Id. (emphasis added).]
I denied the motion because Meltzer was acting pro se, and therefore incurred no obligation to pay an attorney's fees. Meltzer subsequently filed this motion for reconsideration, asking the court to again consider his request for attorney's fees.
*72 The issue is whether an attorney, licensed to practice law in the State of New Jersey, who represents himself pro se, is entitled to attorney fees for the time and efforts spent in litigating the matter, pursuant to N.J.S.A. 2A:15-59.1 after having prevailed in an action. American courts are divided, in general, on the issue in the abstract.
A common element in the decisions, regardless of the outcome, is the reliance on the authority allowing attorney fees. Reliance on authority must exist in light of the "American Rule," which generally states that attorney fees "are not ordinarily recoverable in the absence of a statute or an enforceable contract providing therefor." McMahon v. Schwartz, 109 Misc.2d 80, 438 N.Y.S.2d 215, 217 (1981) (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967)). [New Jersey also allows fees in limited circumstances pursuant to court rule. See R. 4:42-9.] The rationale behind the American Rule is that attorney fees paid by the losing party to the successful litigant can act as a penalty, thus discouraging parties, particularly the poor, from seeking vindication of their rights. McMahon, supra.
Courts awarding attorney fees to an attorney acting pro se have concluded that the relevant authority allowing such fees does not require an obligation to pay attorney fees to have actually been "incurred." In Cuneo v. Rumsfeld, 553 F.2d 1360 (1977), the Court of Appeals for the D.C. Circuit reversed the trial court and held that the wording of the relevant statute, 5 U.S.C. sec. 552(a)(4)(E), which referred to "reasonable attorney fees and other litigation costs reasonably incurred," precluded the conclusion that the words "reasonably incurred" modified "attorney fees"; therefore, the court found that the attorney fees need not actually be incurred to be awarded to the successful litigant. Cuneo, 553 F.2d at 1366.
The court concluded that a plaintiff who would be entitled to attorney fees should not be denied fees merely because the plaintiff happens to be an attorney. Id. Similarly, the Supreme *73 Court of Montana held that it makes no difference to the unsuccessful litigant, who is statutorily or contractually bound to pay the attorney fees, "whether that attorney is the prevailing party himself or another attorney employed by him." Winer v. Jonal Corp., 169 Mont. 247, 545 P.2d 1094, 1096-97 (1976). Therefore, these courts hold that an attorney acting pro se may recover attorney fees for the time and services rendered and for the loss suffered in devoting time and efforts to the respective litigation. Id., 545 P.2d at 1097.
However, as was stated above, many courts disagree with the above reasoning in interpreting various attorney fee statutes. The Third District Court of Appeals in California found that when sec. 386.6 of the Code of Civil Procedure provided for the award of costs and "reasonable attorney fees incurred in such action", O'Connell v. Zimmerman, 157 Cal. App.2d 330, 321 P.2d 161, 165 (1958), the successful litigant had to have actually incurred an obligation to pay an attorney for representation in the litigation. The attorney who appears pro se has "paid no fee nor has he incurred any liability to pay an attorney fee." Id., 321 P.2d at 165.
Policy reasons weighed by courts around the country include the consideration that the attorney appearing pro se and requesting a fee is taking advantage of a remedy designed to offset the burden of obtaining such representation, especially for the poor. McMahon, supra, 438 N.Y.S.2d at 218 (quoting Chetrick v. Briarwood Court No. 1, Inc., N.Y.L.J. March 23, 1970, at 15 c. 7 (Civil Ct., Queens Co. 1970)). Additionally, an award of such fees to a pro se attorney could lead to the pro se attorney prolonging litigation in order to generate an award of greater fees, which might, in turn, lead to the filing of frivolous claims, defenses or procedures.
Because each case relies on an interpretation of the relevant authorization, it is clear that an analysis of the appropriate statute in the present case is necessary. As was discussed above, the "American rule" states that unless a statute, rule, or contractual *74 provision specifically provides otherwise, attorney fees are not awarded.
N.J.S.A. 2A:15-59.1 allows ("may be awarded") reasonable attorney fees if the judge finds that a complaint, counterclaim, cross-claim or defense was frivolous. In such a situation, it is in the court's discretion to award costs and attorney fees. Ibid. To obtain the benefit of the statute's protection, it is necessary to comply with its procedures. Subparagraph c of N.J.S.A. 2A:15-59.1 sets forth the procedure a party must follow. It requires a detailed affidavit stating, among other things, "[h]ow much has been paid to the attorney and what provision, if any, has been made for the payment of these fees in the future." N.J.S.A. 2A:15-59.1(c)(2) (emphasis added). The statute, being in derogation of the common law rule, must be strictly interpreted.
It would be impossible for Meltzer to comply with this statute as he cannot file an affidavit detailing the amount he has paid to himself nor what provision he has made to pay these fees in the future. It would be unrealistic and patently contrary to common sense to suggest otherwise.
Finally, New Jersey case law addressing the issue of awarding attorney fees to a pro se attorney has focused on whether the attorney is involved only pro se, or whether someone else is also getting the benefit of the pro se attorney's services.
The New Jersey Chancery Court decided that when an attorney acts only pro se, that is, the attorney's services are not benefitting another, attorney fees will not be awarded. Henn v. Clifford J. Heath, Inc., 101 N.J. Eq. 347, 139 A. 406 (Ch. 1927), aff'd, 102 N.J. Eq. 596, 141 A. 769 (E. & A., 1928). In Henn, the attorney appearing pro se also acted on behalf of another party. The beneficiary of the attorney's services would have incurred an attorney's fee had the court not charged the fee against the unsuccessful litigant.
The New Jersey Chancery Court similarly held, in Ordinary v. Connolly, 75 N.J. Eq. 521, 526, 72 A. 363 (Prerog.Ct. 1909), *75 that an attorney appearing "pro se" in a probate matter was, in fact, appearing on behalf of the beneficiaries of the estate. The pro se attorney was not a beneficiary of any part of the decedent's estate, and was entitled to attorney fees to be paid by the defendant instead of the estate. Id. Therefore, it appears clear that New Jersey courts consider whether a pro se attorney is acting solely pro se or whether others also benefit from the services rendered.
The actions taken by Meltzer relevant to his defense and the summary judgment motion were clearly only for his benefit. The time and effort spent by him in preparing his pleadings and motions were spent solely for him personally. While his son, Dan, is still a defendant in this action and is now (i.e., as of the drafting of this opinion) represented by Meltzer, awarding attorney fees for Meltzer's efforts in getting the complaint against him dismissed is clearly outside the existing common law authority in New Jersey. I find nothing in the statute to suggest that the Legislature meant to derogate this common law rule. There is nothing in R. 4:49 to suggest the allowance of a fee, either.
In light of the split on this matter on a national level, the relevant New Jersey case law and the plain language of N.J.S.A. 2A:15-59.1, it is the opinion of this court that Meltzer is not entitled to attorney fees for his pro se appearance in this matter. I therefore find it irrelevant to make any determination as to whether the complaint was frivolous. Meltzer's motion for reconsideration to award attorney fees and costs of suit is therefore denied.