■ In the Matter of MARY R. THENEBE et al., Appellants, v ANSONIA ASSOCIATES et al., Respondents, et al., Respondents. [640 NYS2d 552] —Order, Supreme Court, Appellate Term, First Department (Ostrau, P. J., Miller and McCooe, JJ.), entered February 6, 1995, which affirmed the order of the Civil Court, New York County (Walter Tolub, J.), entered on December 30, 1992, awarding legal fees to respondent landlord incurred in its successful defense of an RPAPL article 7-A proceeding brought by petitioners tenants, unanimously affirmed, without costs.

We agree with the Appellate Term that since tenants may recover legal fees in successfully prosecuting RPAPL article 7-A proceedings where there is an attorneys' fees provision in the lease (*Greco v GSL Enters.*, 137 Misc 2d 714), landlords should be able to recover such fees in successfully defending such proceedings. Contrary to petitioners' contention, the attorneys' fees provision in the expired leases was an appropriate basis on which to apply Real Property Law § 234, notwithstanding that the Division of Housing and Community Renewal had reclassified the building as an apartment building subject to rent stabilization and respondent had failed to issue rent stabilized leases prior to the commencement of the petitioners' article 7-A proceeding (*see, Matter of Duell v Condon*, 84 NY2d 773; *Pierre v Williams*, 106 Misc 2d 81). We would add that only those tenants whose leases specifically provide for payment of attorneys' fees incurred as a result of respondent defending against lawsuits precipitated by their actions may be held liable. To that end, each tenant's lease should be reviewed individually to ascertain whether it contains such a provision. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.