■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L., Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.

■ LUIS F. GALICIA, Appellant, v ROTA HOLDING CORP. #2, Respondent. [868 NYS2d 525]—

Not only does the lease in question expressly provide for reciprocal attorney fees, but section 234 provides that any residential lease entitling a landlord to seek attorney fees implies a reciprocal covenant requiring the landlord to compensate a successful tenant for such fees and expenses (*see Cier Indus. Co. v Hessen,* 136 AD2d 145, 150 [1988]). The statute thus applies to the substantial attorney fees incurred in this case because defendant landlord would have been entitled to such fees had it been successful in a similar action against plaintiff tenant for breach of the lease. Moreover, section 234 is applicable to court proceedings in which a party to an administrative proceeding before the Division of Housing and Community Renewal seeks to enforce, modify or vacate that agency's determinations, as in the proceedings herein (*see Chechak v Hakim,* 269 AD2d 333 [2000]). Plaintiff has not waived his right to these fees (*see Dowling v Yamashiro,* 116 Misc 2d 86, 89 [1982]), and an avenue for this relief would even be available in a plenary action (*see Calce v Futterman,* 235 AD2d 343 [1997]). Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ. [*See* 2007 NY Slip Op 30725(U).]