Irving Younger, J.
A tenant moves out. Observing the vacant apartment, a passerby moves in. He becomes a squatter, and the landlord may bring a summary proceeding under subdivision 3 of section 713 of the Real Property Actions and Proceedings Law to recover possession of the premises. (Danziger v. Leonilo, 191 N. Y. S. 709 [App. Term, 1st Dept., 1922].)
Let the passer-by move in with the tenant’s consent, however, and he becomes something other than a squatter. The landlord may not use subdivision 3 of section 713 to remove blm because “ a squatter proceeding will not lie against one who entered the premises with the permission of the person entitled to possession.” (Yorkshire Towers Co. v. Hearsey, N. Y. L. J., July 30, 1971 [App. Term, 1st Dept.]).
This case raises an intermediate question. Are there circumstances under which a person who moves in with the tenant’s consent may nevertheless be¡ deemed a squatter 1 I hold that there áre and that they have been proved here.
Teachers College owns an apartment building at 520 West 122nd Street in New York City. It leased Apartment 44 to *827 Union Theological Seminary, which in turn leased it to one David Banks for the duration of Banks’ tenure as a student at Union. Banks paid the rent through June, 1971, when he received his degree. Early that month, he informed Union that he would move on the 15th. He said nothing else; he did more.
On June 14, Banks met in the apartment with respondent Olaussell and others. They agreed that on the following day Banks would move out and Claussell move in. That is precisely what happened.
Teachers College and Union learned of Claus sell’s occupancy on June 16, whereupon they brought this squatter proceeding under subdivision 3 of section 713 of the Beal Property Actions and Proceedings Law to remove him.
Arguing that Banks was the person entitled to possession, that Banks consented to his entry, and that he is, in consequence, a nonsquatter, Claussell relies on the Yorkshire Towers case (supra). He misses its point.
The court there referred to 11 the person entitled to possession.” This implies some substantial possessory interest in the old occupant. It follows that the old occupant’s consent to the new occupant’s entry suffices to make the new occupant a nonsquatter only if the old occupant has some substantial possessory interest to transmit to the new occupant. When the old occupant has such an interest, when his right to occupy the premises will continue for weeks or months or years, his grant of permission to the new occupant creates between them a bona fide tenant-subtenant relation; and one who is a subtenant, even an illegal subtenant, cannot be a squatter. Thus, in the Yorkshire Towers case, the old occupant permitted the new to move in when there was more than a year to run on his lease. A bona fide relation of tenant and subtenant came into being, and no squatter proceeding would lie.
But where the old occupant has little or no remaining right to possession, his consent to the new occupant’s entry i-s mere form. It invests the new occupant with no substantial possessory interest, for the old occupant has no substantial possessory interest to convey. Thus, in Birdie Mgt. Co. v. Dunton (60 N. Y. S. 2d 673 [App. Term, 1st Dept., 1946]) the old occupant allowed the new occupant to move in just two days before the end of the former’s term. This was hardly a bona fide tenant-subtenant relation, and iso, despite the old occupant’s permission, the new occupant was held to be a squatter.
In this case, Banks permitted Claussell to move in on the *828 day which Banks had named to the landlord as the day of his departure. As of that day, then, Banks had no further right to possession. His consent to Claussell’s entry signified nothing. No bona fide tenant-subtenant relation existed between them, and .Claussell remains a squatter.
I therefore direct final judgment for petitioners awarding them possession of Banks’ apartment.