OPINION OF THE COURT
Edward W. McCarty, III, J.
Petitioner entered into a lease with Peter Orshan as a tenant, which allowed tenant to sublease the apartment or assign the lease only upon the landlord’s prior written consent. During the term of the lease, Orshan sublet the premises *840 to the respondent. No formal permission was given to Orshan to sublease the apartment, except that he may have informed the building superintendent of the sublease, and the building superintendent did not object; in fact, the superintendent allegedly accommodated respondent by changing the nameplate for the apartment from Peter Orshan to Jeff Cutrone.
In May 1987, petitioner and tenant Orshan entered into a new lease, but Orshan still did not inform petitioner that he had sublet the apartment. From this point on, respondent paid petitioner directly with the rent checks for the leased premises, without objection from petitioner.
Petitioner seeks to have the subtenant respondent evicted as a squatter, while respondent has made a motion for an order dismissing petitioner’s action based partly upon petitioner’s failure to serve upon respondent a notice to cure, pursuant to Emergency Tenant Protection Regulations (9 NYCRR) § 2504.1.
The first question that must be answered is whether respondent is a squatter. When a tenant moves out, and a passerby, observing the vacant apartment, moves in, he becomes a squatter and the landlord may bring a summary proceeding under RPAPL 713 (3) to recover possession of the premises. If the tenant has a right to possession of the apartment and the tenant allows the passerby to move into the apartment, he becomes something other than a squatter. The landlord may not use RPAPL 713 (3) to remove him, because " 'a squatter proceeding will not lie against one who entered the premises with the permission of the person entitled to possession’. ” (Teachers Coll. v Claussell, 67 Misc 2d 826 [1971].)
It is quite clear from the facts of this case that respondent entered the premises with the permission of the primary tenant, Peter Orshan, who was a person entitled to possession of the premises. Therefore, respondent is not a squatter.
The second question this court seeks to answer is whether petitioner is required to give respondent a "written notice to cure,” pursuant to Emergency Tenant Protection Regulations § 2504.1. The requirement of a 10-day notice to cure is strictly construed and adhered to. (See, Park S. Assocs. v Essebag, 113 Misc 2d 1026 [1982].) Subdivision (d) (1) of this regulation states the following:
"In addition to any other limitations imposed by these regulations, no proceeding to recover possession of any housing accommodation based upon any wrongful acts or omission *841 of a tenant, pursuant to section 2504.2 of this Part, may be maintained unless:
"(i) the landlord has given the tenant written notice (the notice to cure) stating the following:
"(a) the wrongful acts or omission of the tenant pursuant to section 2504.2 of this Part;
"(b) the facts necessary to establish the existence of said wrongful acts or omission; and
"(c) the date certain by which the tenant must cure said wrongful acts or omission, which date shall be no sooner than 10 days following the date such notice to cure is served upon the tenant.
"(ii) the tenant fails to cure the wrongful acts or omission specified in the notice to cure by or before the date specified in clause (i) (c) of this paragraph.”
Petitioner’s proceeding to recover possession of the premises is based upon an omission by the primary tenant, Peter Orshan, pursuant to Emergency Tenant Protection Regulations § 2504.2 (a). Petitioner claims that the primary tenant "is violating a substantial obligation of his tenancy” by subletting his apartment without first acquiring the landlord’s written consent. Therefore, the within proceeding by petitioner does fall within the scope of this regulation.
Emergency Tenant Protection Regulations § 2504.1 (d) goes on to state that:
"(2) [t]he requirements of subparagraphs (1) (i) and (ii) of this subdivision shall not apply where the wrongful act or omission:
"(i) is, by its nature, not curable; or
"(ii) consists of the reoccurrence or continuation of a violation or condition which was the subject of a prior notice to cure transmitted to the tenant no more than six months previously; or
"(iii) consists of the willful violation of an obligation of the tenant inflicting serious and substantial injury on the landlord or the property of the landlord.”
The alleged wrongful omission does not fall within the parameters of this subsection. The primary tenant could still seek petitioner’s written consent to sublet the apartment. Although petitioner is apt to deny his request, by its nature, this omission is curable.
There has been no prior notice to cure transmitted to the *842 tenant, and although Orshan’s alleged violation of an obligation to petitioner may have been willful, it has not inflicted "serious [or] substantial injury on the landlord or the property of the landlord”.
Therefore, petitioner is required to give respondent a written notice to cure, pursuant to Emergency Tenant Protection Regulations § 2504.1, prior to starting a proceeding to recover possession of his apartment.
Finally, there is a question before the court as to whether it was necessary for petitioner to give notice of the summary proceeding to the primary tenant, Peter Orshan. This court holds that petitioner may not recover possession of the subject premises without first serving Peter Orshan with notice of the proceedings and including him as a party respondent in the proceedings.
For all the foregoing reasons, petitioner’s action to recover possession of real property is dismissed, without prejudice to renewal.