■ DENTON S. COX, Appellant, v FIRST NATIONAL REALTY & CONSTRUCTION CORP. et al., Defendants, and EDGEWATER APARTMENTS, INC., Respondent.—Order entered in the Supreme Court, New York County, on June 9, 1975, granting defendant-respondent's motion to dismiss the eleventh cause of action, unanimously affirmed, without costs or disbursements. A general rule of construction is that absent a clear expression of intent to the contrary, and in the absence of legislative intent, statutes are to be construed as prospective only. *(Matter of Mulligan v Murphy,* 14 NY2d 223, 226.) A reading of section 234 of the Real Property Law indicates there is no clear expression of intent that it be retroactive, nor does research disclose any legislative intent to that effect. We read section 234, providing that if a lease affords recovery of attorney's fees to the landlord, then a like covenant in favor of the tenant shall be implied, as creating a right of action where none existed and as such operating prospectively *(Longines-Wittnauer Watch Co. v Barnes & Reinecke, Inc.,* 15 NY2d 443). The lease under which plaintiff seeks to recover attorney's fees was executed before the effective date of section 234. Only those landlords whose leases were executed after the effective date of the statute and provide for attorney's fees, will be subject to this new liability. Retrospective application would impose an unexpected liability that, if known, might have induced those burdened with it to avoid it (cf. *People ex rel. D. W. Griffith, Inc. v Loughman,* 249 NY 369, 379). Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.

■ JOHN F. WALSH, Appellant, v GAHAGAN DREDGING CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County, entered April 2, 1974, in favor of defendants after a jury trial, unanimously affirmed, without costs and without disbursements. The question of fact regarding the happening of the accident was for the jury and there is ample in the record to sustain that finding. The conduct of the trial did not deprive plaintiff of a fair trial and any error in the charge was harmless when considered in its totality. Concur—Markewich, J. P., Kupferman, Murphy, Nunez and Yesawich, JJ.

■ JOHN D. MURPHY v RELAXATION PLUS COMMODORE, LTD.—Motion for reargument granted on the terms and conditions contained in the order of this court. Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.