■ JONATHAN KALB, as Administrator of the Estate of FRED KALB, Deceased, Respondent-Appellant, v RIVER POINT TOWERS COOPERATIVE, INC., Appellant-Respondent.—Order, Appellate Term, First Department, entered March 14, 1979, affirming the judgment of Civil Court, New York County, entered June 6, 1978, unanimously modified, on the law and the facts, to vacate dismissal of cause of action for counsel fees and remand to Trial Term for disposition consistent herewith, and otherwise affirmed, without costs. Plaintiff's decedent, Fred Kalb, was a member-shareholder of defendant corporation, a co-operative organized pursuant to section 213 of the National Housing Act, Title II. He was a tenant, occupying an apartment in the co-operative from 1965 until his death in 1976. The by-laws provide that the corporation has a 30-day option after notification of a member's death to purchase his stock and right of occupancy. If the corporation fails to exercise such option within the 30-day period, the legal representative of the deceased member may sell the stock to any person who has been duly approved by the corporation as a member. Notification of the death of the member was given together with notice that the estate desired to dispose of the apartment. The notice was acknowledged on behalf of the corporation. However, it failed to exercise the option to purchase the stock within the 30-day period. On the eve of the sale of the apartment to an approved third party, defendant corporation demanded, as consideration for a waiver of the corporation's option to repurchase the stock, the payment of a transfer fee of $10 a share ($3,200), pursuant to a motion passed at a 1969 meeting of the board of directors. This waiver agreement was signed under protest and without prejudice, pending the corporation's demonstration of its authority to impose this fee. The agreement between the decedent and the defendant, comprised of the subscription agreement, occupancy agreement (proprietary lease), information bulletin, certificate of incorporation, by-laws and purchase agreement, makes no provision for a waiver or transfer fee. Plaintiff

brought an action for money had and received in the Civil Court, which determined that plaintiff had notified defendant both orally and in writing of his intention to sell the apartment and more than 30 days elapsed without the corporation exercising its option of "first refusal". It further found, relying on *Jamil v Southridge Coop, Section 4* (93 Misc 2d 383), that a co-operative's board of directors did not have the authority to impose a transfer fee, and it gave judgment to plaintiff. Subsequently, the Appellate Term, Second Department, on September 10, 1979, reversed *Jamil* on the ground that the plaintiff never informed the defendant in writing of his intention to leave. It then stated, as dictum, that the waiver of option fee was a valid exercise of the power of defendant's board of directors. In this case, the notice provision was complied with by plaintiff. It is unnecessary for us to go further and discuss the authority of the board of directors to impose a "waiver" or "transfer" fee, since at the time of the execution of the waiver of option agreement, the corporation had already waived its own option by automatic operation of the provisions of the by-laws. Plaintiff claims a right to counsel fees under section 234 of the Real Property Law, as amended effective July 1, 1969, which implies a tenant's right to counsel fees where a lease permits counsel fees to a landlord, Appellate Term held, pursuant to *Cox v First Nat. Realty & Constr. Corp.* (50 AD2d 535), that the statute operates prospectively only, since it created a new right and, since the original lease signed by plaintiff's decedent was executed before July 1, 1969, the right was unavailable to plaintiff. However, in *Cox (supra)* we said that landlords are subject to this liability where leases were "executed" after the statute's effective date. Here there were two automatic renewals of this lease since the effective date of the statute. Each renewal constitutes and should be deemed a new execution of the lease within the meaning of *Cox*, so that the requirement is satisfied, permitting plaintiff counsel fees. Concur—Sandler, J. P., Sullivan, Markewich, Lupiano and Carro, JJ.