OPINION OF THE COURT

Per Curiam.

Final judgment entered January 12, 1983 is affirmed, with $25 costs.
Tenant prevailed in this holdover proceeding and was awarded attorney’s fees in the sum of $11,536, pursuant to section 234 of the Real Property Law. Landlord’s brief on appeal does not attack the underlying judgment of possession in favor of the tenant, but only the award of legal fees to the tenant. Landlord does not question the computation of those fees; rather, landlord argues that — as a rent-controlled tenant, whose occupancy commenced under a 1962 lease, prior to the 1966 enactment of section 234 of the Real Property Law (eff July 1,1966) — tenant may not avail herself of the protection afforded by that section.
*767 Section 234 of the Real Property Law provides:
“§ 234. Tenants’ right to recover attorneys’ fees in actions or summary proceedings arising out of leases of residential property
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant. Any waiver of this section shall be void as against public policy.”
Here, the 1962 lease contains a provision for the recovery of attorney’s fees by landlord in connection with the successful prosecution of holdover and nonpayment proceedings. As authority for the proposition that section 234 of the Real Property Law does not extend a reciprocal right to the tenant in the event of her successful defense of such proceedings, landlord relies upon Cox v First Nat. Realty & Constr. Corp. (50 AD2d 535). In Cox, Special Term dismissed tenant’s claim for section 234 attorney’s fees and the Appellate Division, First Department, in affirming that dismissal, observed: “A reading of section 234 of the Real Property Law indicates there is no clear expression of intent that it be retroactive, nor does research disclose any legislative intent to that effect. We read section 234, providing that if a lease affords recovery of attorney’s fees to the landlord, then a like covenant in favor of the tenant shall be implied, as creating a right of action where none existed and as such operating prospectively (Longines- *768 Wittnauer Watch Co. v Barnes & Reinecke, Inc., 15 NY2d 443). The lease under which plaintiff seeks to recover attorney’s fees was executed before the effective date of section 234. Only those landlords whose leases were executed after the effective date of the statute and provide for attorney’s fees, will be subject to this new liability. Retrospective application would impose an unexpected liability that, if known, might have induced those burdened with it to avoid it (cf. People ex rel. D.W. Griffith, Inc. v Loughman, 249 NY 369, 379).”
The Cox case is distinguishable from the case at bar in that in Cox the Appellate Division makes no mention of rent control and presumably was concerned with the interaction between a viable lease and section 234 of the Real Property Law. In the instant case, the terms of tenant’s expired lease have been projected by legislative fiat into a statutory tenancy. It seems to us that in projecting the attorney’s fee provision of tenant’s 1962 lease into her statutory tenancy, the mutuality of obligation called for in section 234 must be incorporated into that statutory tenancy. To do otherwise would be to ignore the obvious intent of the Legislature to balance the rights of landlord and tenant in the context of what had been the standard attorney’s fee provision contained in the standard form lease. Landlord has not suggested that it would not have been entitled to recover attorney’s fees had it prevailed in this holdover proceeding. Tenant, having prevailed, should be afforded the protection intended by the Legislature in enacting section 234 of the Real Property Law.