Parness, J.
(dissenting). I dissent and would dismiss tenant’s cause of action for attorney’s fees.
Cox v First Nat. Realty & Constr. Corp. (50 AD2d 535) is controlling and, contrary to what is stated in the majority opinion, is indistinguishable from the case at bar.
The Cox case clearly holds that section 234 of the Real Property Law is to be given prospective application only, i.e., to apply to leases executed after its effective date, July 1, 1966. Obviously if the tenant’s 1962 lease were still in effect, the rule in Cox would bar the applicability of section 234 to the instant case. That the law projects the provisions of the expired lease into the terms of the statutory tenancy *769 creates no new rental agreement, rather, the statutory tenancy represents merely an attempt to maintain the status quo as to the respective right and obligation of the parties.
The statutory tenancy arises out of legislative fiat rather than consent of the parties. To impose, as the majority would, this new statutory obligation subjects the landlord to an unexpected liability which, because of the statutory tenancy, he could not have opted to avoid in a new leasing agreement.
Sullivan, J. P., and Sandifer, J., concur; Parness, J., dissents in a separate memorandum.