■ MAPLEWOOD MANAGEMENT, INC., Respondent, v WANDA BEST, Appellant.—In a summary proceeding to recover possession of certain premises, the tenant appeals, by permission, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated September 18, 1986, as modified a judgment of the District Court of the County of Nassau, First District (Nickerson, J.), entered June 14, 1986, by vacating so much of the judgment as awarded her the sum of $350 as attorneys' fees.

Ordered that the order of the Appellate Term is reversed insofar as appealed from, on the law, with costs, and the judgment of the District Court granting the tenant the sum of $350 as attorneys' fees is reinstated.

Real Property Law § 234 provides, in pertinent part, that "[w]henever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees * * * there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses *incurred by the tenant* * * * in the successful defense of any action or summary proceeding" (emphasis added). In this summary proceeding, the District Court dismissed the landlord's petition, and made an award of attorneys' fees to the tenant pursuant to this statute. On an appeal by the landlord, the Appellate Term vacated the award of attorneys' fees because the tenant had been represented by "a publicly funded legal services organization and was not required to pay for the legal services rendered" *(Maplewood Mgt. v Best,* 133 Misc 2d 769, 770). The Appellate Term concluded, as a matter of law, that since the tenant had no obligation to pay for the legal services rendered, she had not "incurred" attorneys' fees within the meaning of the statute.

We do not believe that the language of the relevant portion of Real Property Law § 234 is so unambiguous as to render consideration of its legislative history improper. We find that

in enacting this provision into law, the Legislature's primary intent was to deter landlords from engaging in what was perceived to be the undesirable practice of bringing meritless eviction proceedings against indigent tenants, in the expectation that these tenants would be unable to obtain the legal assistance necessary in order to defend themselves in such proceedings (see, College Props. v Bruce, 122 Misc 2d 766, 768; McMahon v Schwartz, 109 Misc 2d 80, 82). It would significantly thwart the accomplishment of the Legislature's intent in this respect if the courts were to hold that the statute requires those landlords who have brought meritless eviction proceedings to pay for their tenants' attorneys' fees only when the tenant himself is of sufficient financial ability to be able to afford his own attorney. Such a holding would essentially negate the deterrent effect of the statute with respect to the very class of persons which the statute is designed most to protect, i.e, the indigent who are eligible for public legal assistance.

We also note that other statutes, with similar wording, have been interpreted so as to authorize an award of attorneys' fees to a prevailing litigant who, either because he represented himself or because he obtained free legal assistance, did not become legally obligated to pay the fees (see, e.g., Matter of Johnson v Blum, 58 NY2d 454; Matter of Rahmey v Blum, 95 AD2d 294 [interpreting 42 USC § 1988]; Matter of Greenpoint Hosp. Community Bd. v New York City Health & Hosps. Corp., 114 AD2d 1028, 1032 [interpreting Judiciary Law § 753]; Holly v Acree, 72 FRD 115, affd sub nom. Holly v Chasen, 569 F2d 160; Crooker v U.S. Dept. of Treasury, 634 F2d 48, 49, n 1; Cunningham v Federal Bur. of Investigation, 664 F2d 383, 384-385 [interpreting 5 USC § 552 (a) (4) (E)]; Ceglia v Schweiker, 566 F Supp 118; San Filippo v Secretary of Health & Human Servs., 564 F Supp 173 [interpreting 28 USC § 2412 (d) (1) (A)]). We are persuaded that this interpretation comports with the Legislature's intent in enacting Real Property Law § 234 into law. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.