In the Matter of GLOBAL TEL*LINK, Appellant, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [892 NYS2d 604]—

Malone Jr., J.

Petitioner commenced this CPLR article 78 proceeding challenging a determination of respondent Department of Correctional Services (hereinafter DOCS) denying a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request purportedly made on its behalf. Specifically, an attorney with the law firm that represented petitioner sought the disclosure of "any bid evaluation records, tabulation records, rating sheet records and records containing back-up factual and statistical data and information" used by DOCS in its award of the inmate telephone system contract, as well as "the winning bid/proposal and attachments, with the exception of any trade secret information." DOCS denied the request on the grounds that, because the contract was still in the "restricted period" (*see e.g.* State Finance Law § 139-j [1] [f]; § 139-k [1] [f]) and a final contract had not been approved, the documents were exempt interagency or intraagency materials and their disclosure would impair present or imminent contract awards (*see* Public Officers Law § 87 [2] [c], [g]), and the disclosure of the documents was prohibited by the State Finance Law (*see* State Finance Law § 163 [former (9) (c)]). Finding that petitioner lacked standing to maintain the proceeding based upon the attorney's failure to reveal to DOCS that he had requested the documents on petitioner's behalf, Supreme Court dismissed the petition. Petitioner appealed and, during the pendency of this appeal, DOCS provided petitioner with all of the requested documents. DOCS now contends that this appeal is moot.

We do not agree with petitioner's contention that a novel and substantial issue is presented here that is likely to recur and evade review (*see e.g. Matter of Laborers' Intl. Union of N. Am., Local No. 17 v New York State Dept. of Transp.*, 280 AD2d 66 [2001]). Notably, of the three grounds cited by DOCS in its denial of the FOIL request, only the issue of whether the disclosure of the documents during the restricted period was prohibited by State Finance Law § 163 (9) (c) has not been previously addressed by the courts (*see e.g. Matter of Empire Golf Mgt., LLC v Olivieri*, 18 AD3d 334 [2005] [discussing Public Officers Law § 87 (2) (c)]; *Matter of New York 1 News v Office of President of Borough of Staten Is.*, 231 AD2d 524 [1996] [discussing Public Officers Law § 87 (2) (g)]; *Matter of Cross-Sound Ferry Servs. v Department of Transp.*, 219 AD2d 346 [1995] [same]; *Matter of Professional Stds. Review Council of Am. v New York State Dept. of Health*, 193 AD2d 937 [1993]

[same]). However, this issue is nevertheless also moot inasmuch as the State Finance Law has been amended to remove the language that prohibited the disclosure of competing offers (*see* L 2008, ch 137, § 3). Accordingly, it appears that the issue is not likely to recur.*

In light of the foregoing, it is not necessary to address respondents' contention that petitioner lacks standing to maintain this proceeding. Finally, although this proceeding is moot, petitioner could nevertheless be found to have "substantially prevailed," thus entitling it to counsel fees (Public Officers Law § 89 [4] [c]; *see Matter of Powhida v City of Albany*, 147 AD2d 236, 239 [1989]). Under the facts of this case, however, we cannot say that petitioner substantially prevailed and decline to make such an award.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* According to State Finance Law § 163 (former [9] [c]), "[d]isclosure of the content of competing offers other than statistical tabulations of bids received in response to an invitation for bids, or of any clarifications of or any revisions thereto shall be prohibited prior to award." That sentence was deleted in its entirety upon revision, effective June 30, 2008 (*see* L 2008, ch 137, § 3).