■ In the Matter of JOHN F. VANAMBURGH, Appellant, v EDWARD D. KINOWSKI et al., Respondents. [922 NYS2d 640]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered September 28, 2010 in Saratoga County, which, among other things, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

A public hearing was scheduled, rescheduled and then postponed indefinitely to consider proposed amendments to a local law enacted by the Town of Stillwater, Saratoga County. Pursuant to the Town's rules governing access to its records (*see* Public Officers Law § 86 [3]; § 87 [1] [b]), petitioner orally requested a copy of the proposed amendments from respondent Sue Cunningham, the Town Clerk. Cunningham refused to provide a copy, asserting that the proposed amendments had not been finalized. Petitioner did not administratively appeal Cunningham's denial, instead commencing the present CPLR article 78 proceeding. Respondents moved to dismiss the petition, arguing that petitioner failed to submit the requisite written request under the Freedom of Information Law (*see* Public Officers Law art 6) and he failed to exhaust his administrative remedies. Supreme Court, among other things, granted respondents' motion and dismissed the petition on exhaustion grounds. Petitioner now appeals.

We affirm, albeit on a different basis than that relied upon by Supreme Court. Petitioner was entitled to a written denial advising him of his right to administratively appeal (*see* Public Officers Law § 89 [3] [a]; 21 NYCRR 1401.5 [e] [1]; 1401.7 [b]). Nonetheless, as respondents provided a copy of the draft proposed amendments to petitioner as part of their motion to dismiss, this proceeding was rendered moot, and the exception to the mootness doctrine is inapplicable (*see Matter of Covington v Cirincione*, 307 AD2d 554 [2003]; *Matter of Almodovar v Altschuller*, 232 AD2d 700 [1996]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.