■ In the Matter of JOHN JARONCZYK, as President of the Sheriff Officers Association, Inc., et al., Respondents, v EDWARD P. MANGANO, as Executive of Nassau County, et al., Appellants.
[996 NYS2d 291]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of an attorney's fee and costs, the appeal is from (1) a judgment of the Supreme Court, Nassau County (Sher, J.), entered July 2, 2012, which granted the petition, and (2) so much of an order of the same court entered November 13, 2012, as denied that branch of their motion which was for leave to renew their opposition to the petition.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

In a proceeding pursuant to CPLR article 78 challenging denial of a Freedom of Information Law (hereinafter FOIL)

request, the agency denying access has the burden of demonstrating that the information requested falls within a statutory exemption, which exemptions are to be narrowly construed (*see* Public Officers Law § 89 [5] [e], [f]; *Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]; *Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]; *Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d 958, 959 [2009]). This showing requires the entity resisting disclosure to "articulate a 'particularized and specific justification for denying access' " (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724). Because FOIL is "based on a presumption of access to the records" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462), "FOIL 'compels disclosure, not concealment' " wherever the agency fails to demonstrate that a statutory exemption applies (*id.* at 463, quoting *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 580 [1980]; *see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]).

Here, the petitioners sought access to certain overtime records maintained by the Nassau County Sheriff's Department (hereinafter the agency), which denied access on the basis, inter alia, that the records contained the signatures of the captains who approved overtime requests. While the agency provided the requested records during the pendency of this proceeding, those signatures were redacted on the records which were disclosed. The agency claimed that redaction was proper pursuant to the "unwarranted invasion of personal privacy" statutory exemption (Public Officers Law § 87 [2] [b]) since disclosing the captains' signatures "would result in economic or personal hardship to the subject party" and the signatures were "not relevant to the work of the agency" (Public Officers Law § 89 [2] [b] [iv]). However, because the agency failed to proffer more than conclusory assertions supporting these claims, the Supreme Court correctly determined that the agency failed to meet its burden of demonstrating that the information requested fell within this statutory exemption (*see* Public Officers Law § 89 [5] [e], [f]; *Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d at 885; *Matter of Cook v Nassau County Police Dept.*, 110 AD3d 718, 719 [2013]; *Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d at 959), and thus, properly directed disclosure of the records without these redactions.

A court may award an attorney's fee and costs to a petitioner in conjunction with a FOIL request where the petitioner has "substantially prevailed, when: (i) the agency had no reasonable basis for denying access; or (ii) the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89 [4] [c]; see Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 441 [2005]). Contrary to the agency's contention, the fact that it provided access to redacted documents during the pendency of the proceeding does not preclude a determination that the petitioners substantially prevailed, but is instead only one factor to be considered in determining whether an award of an attorney's fee and costs is appropriate (see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [2011]). Here, because the agency failed to articulate a reasonable basis for redacting the signatures at issue, and because the petitioners prevailed on this issue, the Supreme Court did not improvidently exercise its discretion in granting that branch of the petition which was for an award of an attorney's fee and costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). To prevail on a motion to renew, the motion "must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (Matter of Nelson v Allstate Ins. Co., 73 AD3d 929, 929 [2010]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586 [2012]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391 [2008]). Here, because the appellants failed either to proffer a reasonable justification for omitting the alleged new evidence from their initial opposition or to demonstrate that the evidence would have changed the court's determination, the court providently exercised its discretion in denying that branch of their motion which was for leave to renew their opposition to the petition (see Jovanovic v Jovanovic, 96 AD3d 1019, 1020 [2012]; Rowe v NYCPD, 85 AD3d 1001, 1003 [2011]; Renna v Gullo, 19 AD3d 472, 473 [2005]). Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.