■ In the Matter of Issa Kohler-Hausmann, Appellant, v New York City Police Department et al., Respondents. [18 NYS3d 848]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered January 17, 2014, which, insofar as appealed from as limited by the briefs, denied petitioner's request for attorney's fees or litigation costs, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to reinstate the proceeding, remand to Supreme Court for proceedings consistent with this order, and otherwise affirmed, without costs.

After acknowledging receipt of petitioner's FOIL request on August 1, 2012, respondent New York City Police Department (NYPD) extended its time to respond to petitioner's FOIL request to January 15, 2013, pursuant to Public Officers Law § 89 (3) (a). By failing to respond for months after that deadline, NYPD constructively denied the FOIL request (*see* 21 NYCRR 1401.5 [e]). Contrary to the court's finding, petitioner's administrative remedies were exhausted when NYPD denied her administrative appeal from the constructive denial of her FOIL request (*see Matter of New York Times Co. v City of N.Y. Police Dept.,* 103 AD3d 405, 408 [1st Dept 2013], *lv dismissed* 21 NY3d 930 [2013], *lv denied* 22 NY3d 854 [2013]).

Although petitioner effectively concedes that the merits of her petition are moot as a result of NYPD's voluntary disclosure, petitioner's claim for attorney's fees and other litigation costs is not moot (*see Matter of New York State Defenders Assn. v New York State Police,* 87 AD3d 193, 195 [3d Dept 2011] [holding that "the voluntariness of . . . disclosure is irrelevant to

the issue of whether petitioner substantially prevailed in (a FOIL) proceeding," since "to allow a respondent to automatically forestall an award of counsel fees simply by releasing the requested documents before asserting a defense would contravene the very purposes of FOIL's fee-shifting provision" (internal quotation marks omitted)]; *Matter of Purcell v Jefferson County Dist. Attorney*, 77 AD3d 1328, 1329 [4th Dept 2010] [request for attorney's fees was not rendered moot by disclosure of documents, where agency "offered to produce the majority of the records sought by (the) petitioner if she agreed to withdraw her request for attorney's fees"]; *Matter of Powhida v City of Albany*, 147 AD2d 236, 238-239 [3d Dept 1989]).

The attorney petitioner's self-representation does not preclude an award of attorneys' fees. Other similarly worded statutes have been interpreted to authorize an award of attorneys' fees to a prevailing litigant who represented himself or herself or had the benefit of free legal services (*see Maplewood Mgt. v Best*, 143 AD2d 978 [2d Dept 1988] [Real Property Law § 234]; *see also Diaz v Audi of Am., Inc.*, 57 AD3d 828 [2d Dept 2008] [General Business Law § 198-b (Lemon Law)]; *Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345 [1st Dept 1997] [Real Property Law § 234], *lv dismissed* 91 NY2d 956 [1998], *lv denied* 92 NY2d 818 [1998]; *Matter of Thomas v Coughlin*, 194 AD2d 281 [3d Dept 1993] [CPLR 8601]; *Sharp v Sharp*, 161 AD2d 624 [2d Dept 1990] [Domestic Relations Law § 238], *lv dismissed* 76 NY2d 889 [1990]; *Crooker v United States Dept. of the Treasury*, 634 F2d 48, 49 [2d Cir 1980] [FOIA]).

Petitioner meets the statutory requirements for seeking "other litigation costs reasonably incurred" by her, since she "has substantially prevailed" and NYPD "failed to respond to [her] request . . . within the statutory time" (Public Officers Law § 89 [4] [c] [ii]; *see Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d at 195).

Accordingly, we remand to Supreme Court for consideration of petitioner's request for attorneys' fees and litigation costs. Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.