■ In the Matter of ACME BUS CORP., Appellant, v COUNTY OF SUFFOLK et al., Respondents. [26 NYS3d 159]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and other costs, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), entered August 12, 2014, as, upon a decision of the same court dated May 5, 2014, denied so much of the petition as sought an award of attorney's fees and other costs and dismissed that portion of the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, so much of the petition as sought an award of attorney's fees and other costs is reinstated and granted, and the matter is remitted to the Supreme Court, Suffolk County, for award of reasonable attorney's fees and other costs and the entry of an appropriate amended judgment thereafter.

In March 2013, the petitioner submitted a proposal in

response to a request for proposals (hereinafter the RFP) issued by the Suffolk County Purchasing Office on behalf of the Suffolk County Department of Health Services. The RFP related to transportation services in four zones for children with special needs. At the end of April 2013, the petitioner was informed that its proposal was not successful and was given the names of the "successful proposer" for each of the four zones. Several weeks later, the petitioner submitted a request under the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law § 84 *et seq.*) for documents relating to the RFP. Its request was denied on the ground that disclosure at that time "would impair present or imminent contract awards or collective bargaining negotiations" (Public Officers Law § 87 [2] [c]). The petitioner was further informed that disclosure would be made only after contracts for transportation services actually were executed. After an unsuccessful administrative appeal, the petitioner commenced this CPLR article 78 proceeding (*see* Public Officers Law § 89 [4] [b]) seeking disclosure of the documents, as well as attorney's fees and other costs (*see* Public Officers Law § 89 [4] [c]). Before the respondents filed their answer, they disclosed the information the petitioner had sought, thus rendering academic the portion of the proceeding seeking to compel disclosure. The only remaining issue was the petitioner's request for attorney's fees and other costs.

Under Public Officers Law § 89 (4) (c), "[t]he court . . . may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, when: i. the agency had no reasonable basis for denying access; or ii. the agency failed to respond to a request or appeal within the statutory time." Here, inasmuch as the petitioner eventually received the documents it sought, it "substantially prevailed" in the case (Public Officers Law § 89 [4] [c]; *see Matter of Kohler-Hausmann v New York City Police Dept.*, 133 AD3d 437 [2015]; *Matter of Bottom v Fischer*, 129 AD3d 1604, 1605 [2015]; *Matter of Jaronczyk v Mangano*, 121 AD3d 995, 997 [2014]; *Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 196 [2011]; *cf. Matter of Mack v Howard*, 91 AD3d 1315, 1317 [2012]). Moreover, the respondents had no "reasonable basis for denying access" to the records that the petitioner requested (Public Officers Law § 89 [4] [c] [i]). Inasmuch as all of the proposals had been submitted, and, indeed, acted upon, there was no basis for the respondents to deny disclosure under Public Officers Law § 87 (2) (c) (*see Matter of Empire Golf Mgt., LLC v Olivieri*, 18 AD3d 334, 334-335 [2005]; *Matter of Cross-*

*Sound Ferry Servs. v Department of Transp.*, 219 AD2d 346, 349 [1995]). The authority on which the respondents relied was clearly distinguishable, since that authority concerned a request that certain information be disclosed before contract bids were even due (*see Matter of Murray v Troy Urban Renewal Agency*, 84 AD2d 612, 613 [1981], *affd* 56 NY2d 888 [1982]). That precedent did not provide the respondents a reasonable basis on which to deny the petitioner's request. In any event, "conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012]; *see Matter of Prall v New York City Dept. of Corr.*, 129 AD3d 734, 736 [2015]). The respondents provided no evidence to support a finding that they had a reasoned basis on which to deny the petitioner's request. Additionally, we note that the respondents did not timely decide the petitioner's agency appeal (*see* Public Officers Law § 89 [4] [c] [ii]).

Further, the Supreme Court improvidently exercised its discretion in denying the petitioner's request for attorney's fees and other costs (*see Matter of Jaronczyk v Mangano*, 121 AD3d at 997; *cf. Matter of Yang-Hao Lu v Kings County Dist. Attorney's Off.*, 118 AD3d 815, 816 [2014]). The award of attorney's fees is intended to " 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL' " (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 338 [2011], quoting Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 492 at 5). Here, as we have already discussed, the respondents had no reasonable basis for denying the petitioner's request for access to the records it sought. That circumstance in itself militates in favor of the award of reasonable attorney's fees (*see Matter of Jaronczyk v Mangano*, 121 AD3d at 997). Although the respondents professed to be acting to protect the integrity of the competitive bidding process, they did not set forth any facts supporting their contention, but made only a conclusory assertion that delay in disclosure achieved that goal. Entities subject to the requirements of FOIL should not be permitted to evade them on a bare assertion that—contrary to the bedrock underpinnings of FOIL—withholding documents is in the public interest. In the context of the awarding of public contracts, even short delays in disclosure may have deleterious effects, because the timelines for challenges to the awarding of public contracts are so short (*see Cannon Point N., Inc. v City of New York*, 87 AD3d 861,

864 n 3 [2011]; *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]). Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for award of reasonable attorney's fees and other costs (*see* Public Officers Law § 89 [4] [c]; *Matter of Jaronczyk v Mangano*, 121 AD3d at 997), and the entry of an appropriate amended judgment thereafter. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.