Matter of Cobado v Benziger (2018 NY Slip Op 04996)





Matter of Cobado v Benziger


2018 NY Slip Op 04996


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524987

[*1]In the Matter of MATTHEW M. COBADO, Appellant,
v
DEBRA L. BENZIGER, as Records Access Officer of the State Police, et al., Respondents.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Matthew M. Cobado, Attica, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered March 13, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motion to dismiss the petition.
On June 18, 2015, petitioner, an inmate at a state correctional facility, submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to the State Police seeking documents pertaining to a confidential informant involved in his 2002 criminal trial, including arrest reports, confidential informant sheets and cooperative agreements (see People v Cobado, 16 AD3d 1114, 1114 [2005], lv denied 4 NY3d 885 [2005]). In response, respondent Debra L. Benziger, the Lieutenant and Records Access Officer with the State Police at the time, sent petitioner a letter, dated June 25, 2015, acknowledging receipt of his request and informing him that, due to the volume of requests received and being processed, a written response would be sent to him on or before December 10, 2015. Petitioner did not receive a response on that date and, 10 days later, he sent Benziger a follow-up letter. On January 14, 2016, Benziger responded to petitioner's June 2015 request, indicating, among other things, that she was unable to conduct a search for the requested documents because petitioner did not "reasonably describe the records" he sought, including failing to provide the confidential [*2]informant's date of birth. Benziger additionally provided petitioner with information regarding the administrative appeal process.
Petitioner did not appeal from the foregoing determination at that time. Rather, on January 30, 2016, he submitted a second FOIL request, providing, in relevant part, the confidential informant's date of birth. On February 18, 2016, Benziger again confirmed receipt of petitioner's request and responded that, due to the volume of requests, a written response would be sent on or before August 1, 2016. However, on March 30, 2016, petitioner sent Benziger a letter complaining of the cumulative time that had elapsed since his first request and stating that she had 10 working days to respond to the "constructive denial" of said request before he commenced a CPLR article 78 proceeding. On May 10, 2016, after receiving no response from Benziger, petitioner administratively appealed from the alleged constructive denial of his June 2015 FOIL request and thereafter commenced this proceeding on August 29, 2016 challenging same.
On October 4, 2016, petitioner received a determination on his administrative appeal, which was treated as an appeal from "the purported constructive denial" of his January 2016 request. In particular, petitioner's document request was granted to the extent of permitting him to obtain two incident and arrest reports relating to the confidential informant, upon his payment of the statutory processing fees (see Public Officers Law § 66-a [2]), but his request for the remaining responsive documents was denied on the basis that they were exempt from disclosure (see Public Officers Law § 87 [2] [b], [e] [iii], [iv]). Following this administrative determination, respondents moved to dismiss the petition, arguing that the CPLR article 78 proceeding was moot. Petitioner opposed the motion and requested associated "costs and fees," as well as an order imposing sanctions upon respondents. Supreme Court granted respondents' motion, dismissing the petition as moot, and denied petitioner's request for costs, fees and sanctions. Petitioner now appeals.
We agree with Supreme Court that the CPLR article 78 proceeding has been rendered moot. "Where a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties" (Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016] [citations omitted]; see Matter of Braxton v Commissioner of N.Y. City Police Dept., 283 AD2d 253, 253 [2001]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-715 [1980]). After petitioner commenced this proceeding, Benziger complied with petitioner's FOIL request by providing him with certain documents and withholding others as exempt from disclosure. Thus, to the extent that petitioner seeks relief from this Court regarding the alleged constructive denial of his request, the matter has become moot (see Matter of Almodovar v Altschuller, 232 AD2d 700, 700 [1996]; Matter of Newton v Police Dept. of City of N.Y., 183 AD2d 621, 623 [1992]), and the exception to the mootness doctrine is inapplicable (see Matter of VanAmburgh v Kinowski, 84 AD3d 1552, 1553 [2011], lv denied 17 NY3d 714 [2011]; Matter of Covington v Cirincione, 307 AD2d 554, 554 [2003]). Insofar as petitioner seeks review of the partial denial of his FOIL request, he has failed to exhaust his administrative remedies (see Matter of Covington v Cirincione, 307 AD2d at 554; Matter of Braxton v Commissioner of N.Y. City Police Dept., 283 AD2d at 253; Matter of Almodovar v Altschuller, 232 AD2d at 700).
However, our finding that this proceeding is moot does not preclude petitioner's request for associated "costs and fees" (see Matter of Kohler-Hausmann v New York City Police Dept., [*3]133 AD3d 437, 437 [2015]; Matter of Global Tel*Link v State of N.Y. Dept. of Correctional Servs., 68 AD3d 1599, 1601 [2009]), and we find that Supreme Court erred as a matter of law in concluding that the statutory prerequisites for such an award have not been met (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79 [2017]). A court is authorized to award a petitioner "reasonable [counsel] fees and other litigation costs reasonably incurred" where he or she has "substantially prevailed" in the FOIL proceeding and, as relevant here, "the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89 [4] [c] [former (ii)]; see Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [2013]). "A petitioner 'substantially prevail[s]' under Public Officers Law § 89 (4) (c) when [he or she] 'receive[s] all the information that [he or she] requested and to which [he or she] is entitled in response to the underlying FOIL litigation'" (Matter of Competitive Enter. Inst. v Attorney Gen. of New York, 161 AD3d 1283, 1286 [2018], quoting Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196 [2011]), regardless of whether "full compliance with the statute was finally achieved" in the form of disclosure, a certification that responsive documents were exempt from disclosure or some combination thereof (Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d at 1122). Significantly, the voluntariness of an agency's disclosure after the commencement of a CPLR article 78 proceeding will not preclude a finding that a litigant has substantially prevailed (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; Matter of Jaronczyk v Mangano, 121 AD3d 995, 997 [2014]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d at 195-196).
With respect to both of petitioner's FOIL requests, Benziger failed to comply with the statutory time period permitted for acknowledging receipt of such requests and the dates certain she herself specified in her untimely acknowledgments (see Public Officers Law § 89 [3] [a]). Further, petitioner did not receive a timely response to his administrative appeal (see Public Officers Law § 89 [4] [a]). Although petitioner's administrative appeal was untimely as to his June 2015 request (see Public Officers Law § 89 [4] [a]) and arguably preemptive as to his January 2016 request (see Public Officers Law § 89 [4] [b]), it is undisputed that only after commencing this proceeding did petitioner receive a response to his requests, permitting him to finally obtain all of the documents to which he was entitled. Thus, under these circumstances, we find that respondents failed to comply with the statutory time frames and that petitioner ultimately substantially prevailed within the meaning of Public Officers Law § 89 (4) (c). Accordingly, Supreme Court erred in determining that the statutory prerequisites had not been satisfied (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; Matter of Jaronczyk v Mangano, 121 AD3d at 997; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d at 1121-1122; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d at 195-196).
The fee-shifting provision contained within Public Officers Law § 89 (4) (c) was intended "to 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL'" (Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [2011], quoting Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 492 at 5; see L 2006, ch 492, § 1; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d at 1122). However, the decision of whether to award counsel fees and/or other litigation costs still lies within the discretion of the trial court (see Public Officers Law § 89 [4] [c] [former (ii)]; Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; Matter of Saxton v New York State Dept. of Taxation & Fin., 130 AD3d 1224, 1225-1226 [2015]; [*4]Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1127 [2013]). Accordingly, we remit the matter to Supreme Court for a determination as to whether, in its discretion, petitioner is entitled to counsel fees and/or litigation costs and, if so, to calculate the reasonable amount of any award (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 80).
Lastly, we agree with Supreme Court that the record does not reveal any frivolous conduct on the part of respondents that would warrant the imposition of sanctions as requested by petitioner (see 22 NYCRR 130-1.1 [a]).
Garry, P.J., McCarthy, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request for costs and fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.