Matter of Gedan v Town of Mamaroneck (2019 NY Slip Op 01759)





Matter of Gedan v Town of Mamaroneck


2019 NY Slip Op 01759


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12856
 (Index No. 3209/15)

[*1]In the Matter of Barry S. Gedan, respondent- appellant, 
v
Town of Mamaroneck, etc., et al., appellants-respondents.


William Maker, Jr., Mamaroneck, NY, for appellants-respondents.
Barry S. Gedan, Riverdale, NY, respondent-appellant pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the Town of Mamaroneck, the supervisor of the Town of Mamaroneck, and the Town Clerk/Freedom of Information Officer of the Town of Mamaroneck appeal, and Barry S. Gedan cross-appeals, from an order of the Supreme Court, Westchester County (Robert A. Neary, J.), dated September 16, 2016. The order, insofar as appealed from, granted that branch of the petition which was for an award of attorney's fees in the sum of $27,000 in favor of Barry S. Gedan. The order, insofar as cross-appealed from, denied that branch of the petition which sought to compel the production of records and materials related to a residential valuation model developed by GAR Associates, Inc.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to Barry S. Gedan.
In this proceeding pursuant to CPLR article 78, the petitioner, Barry S. Gedan, sought to compel the production of certain records and materials pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) and for an award of attorney's fees and litigation costs. In an order dated September 16, 2016, the Supreme Court granted that branch of the petition which was for an award of attorney's fees in the sum of $27,000 and denied that branch of the petition which sought to compel the production of records and materials related to a computerized statistical valuation model developed by GAR Associates, Inc. (hereinafter GAR), and used by the Town of Mamaroneck in generating real property assessments, as well as GAR's manual and instructive material (hereinafter collectively the GAR model). The Town of Mamaroneck, the Supervisor of the Town of Mamaroneck, and the Town Clerk/Freedom of Information Officer of the Town of Mamaroneck (hereinafter collectively the Town) appeal, and Gedan cross-appeals, from [*2]the order.
Contrary to the Town's contention, since Gedan is an attorney, his self-representation did not preclude an award of attorney's fees under Public Officers Law § 89(4)(c) (see Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 438; see also Maplewood Mgt. v Best, 143 AD2d 978, 979). The Town's contention that Gedan was not entitled to attorney's fees because he did not substantially prevail in the proceeding was raised for the first time in its reply brief on appeal and, thus, is not properly before us. Accordingly, we agree with the Supreme Court's determination to award attorney's fees to Gedan in the sum of $27,000.
"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 224; see Public Officers Law § 84). "The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d at 224-225, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571; see Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 69 NY2d 246, 252). "Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d at 225; see Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 69 NY2d at 252).
Pursuant to Public Officers Law § 87(2)(g), an agency may deny access to records or portions thereof that "are inter-agency or intra-agency materials which are not: i. statistical or factual tabulations or data; ii. instructions to staff that affect the public; iii. final agency policy or determinations; [and] iv. external audits, including but not limited to audits performed by the comptroller and the federal government."
Here, the Town established that certain information in the GAR model may be exempt from disclosure as a nonfinal intra-agency record (see Public Officers Law § 87[2][g][iii]; Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133). However, on the record before this Court, it cannot be determined whether the GAR model material falls wholly or only partially within that exemption (see Matter of Xerox Corp. v Town of Webster, 65 NY2d at 133). Thus, to the extent the GAR model contains "statistical or factual tabulations or data" (Public Officers Law § 87[2][g][i]), "instructions to staff that affect the public" (id. § 87[2][g][ii]), "final agency policy or determinations" (id. § 87[2][g][iii]), or other material subject to production, the information in the GAR model that is exempt from disclosure should be redacted and that which is not should be made available to Gedan (see Matter of Xerox Corp. v Town of Webster, 65 NY2d at 133). Accordingly, we remit the matter to the Supreme Court, Westchester County, to permit an in camera inspection to determine what, if any, information within the GAR model falls outside the FOIL exemption (see id.).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court