Matter of Dioso Faustino Freedom of Info. Law Request v New York City (2021 NY Slip Op 00907)





Matter of Dioso Faustino Freedom of Info. Law Request v New York City


2021 NY Slip Op 00907


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 161126/19 Appeal No. 13113 Case No. 2020-03773 

[*1]In the Matter of Dioso Faustino Freedom of Information Law Request, Petitioner-Appellant,
v
New York City et al., Respondents-Respondents.


The Law Offices of Cory H. Morris, P.C., Melville (Cory H. Morris of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about March 6, 2020, which granted respondents' cross motion to deny the petition to compel respondents to disclose certain video footage from body cameras of officers of respondent New York City Police Department (NYPD), requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), denied petitioner's request for attorney's fees and other litigation costs, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the proceeding reinstated and the petition granted to the extent of granting petitioner's request for attorney's fees and other litigation costs, and the matter remanded for further proceedings consistent herewith.
The merits of the petition "are moot as a result of NYPD's voluntary disclosure," but "petitioner's claim for attorney's fees and other litigation costs is not moot" (Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 437 [1st Dept 2015]).
A court in a FOIL proceeding "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]). In this case, petitioner substantially prevailed when respondents, during the pendency of this proceeding, disclosed the records sought in the FOIL request (see Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 897 [2d Dept 2016]). "[T]he voluntariness of . . . disclosure is irrelevant to the issue of whether petitioner substantially prevailed" (Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [3d Dept 2011] [internal quotation marks omitted]; see Matter of Kohler-Hausmann, 133 AD3d at 437-438).
We also find that respondents had no reasonable basis for denying access to the records sought. To invoke the FOIL exemption applicable to records that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations" (Public Officers Law § 87[2][e][i]), an "agency must identify the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]). "Put slightly differently, the agency must still fulfill its burden under Public Officers Law § 89(4)(b) to articulate a factual basis for the exemption" (id.). In response to the FOIL request, NYPD did identify the generic kinds of documents at issue; it is undisputed that the responsive records, which have now been disclosed, were videos recorded by body cameras worn by NYPD officers during an incident in which NYPD used deadly force. However, NYPD's assertions in [*2]response to the FOIL request that disclosure would interfere with an ongoing internal investigation into the incident, which was being conducted by the Force Investigation Division at the time, was conclusory in the absence of any factual showing as to how disclosure would have interfered with that investigation.
Respondents' references to findings following the investigation may not be considered in this article 78 proceeding because they are based on sources outside the administrative record (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]). Respondents' arguments as to potential investigations which could have been commenced by other agencies are not properly before this Court, since they were not invoked by the agency at the administrative level in support of the FOIL exemption at issue here (see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]). Moreover, even if all of respondents' arguments were properly raised, we would find them unavailing.
In light of the foregoing, we remand to Supreme Court for a determination of petitioner's attorney's fees and other litigation costs.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021