Matter of Jewish Press, Inc. v New York City Dept. of Investigation (2021 NY Slip Op 02108)





Matter of Jewish Press, Inc. v New York City Dept. of Investigation


2021 NY Slip Op 02108


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 152939/20 Appeal No. 13540 Case No. 2020-03626 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
New York City Department of Investigation, Respondent-Respondent.


Aron Law PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 27, 2020, which denied the petition seeking to compel respondent to disclose its entire case file and all documents related to a certain investigation, requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, the dismissal vacated in part, the petition reinstated except as to the email messages in the record on appeal, the matter remanded for further proceedings as to the remaining records responsive to the FOIL request consistent with this order before a different Justice, and otherwise affirmed, without costs.
Respondent failed to meet its burden of establishing that disclosure of any records responsive to petitioner's FOIL request would "interfere with law enforcement investigations or judicial proceedings" (Public Officers Law § 87[2][e][i]). This exemption "ceases to apply after enforcement investigations and any ensuing judicial proceedings have run their course" (Matter of Lesher v Hynes, 19 NY3d 57, 68 [2012]). It is undisputed that the investigation involved in this case concluded before petitioner submitted the FOIL request, and respondent fails to allege any ensuing judicial proceedings. Even if an investigation or ensuing judicial proceedings were ongoing, we would reject respondent's broad arguments for withholding all of the responsive records, which, if accepted, would amount to a blanket exemption that would seemingly apply to virtually any records of any investigation conducted by respondent. We emphasize that "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]).
Respondent also failed to establish that disclosure would "identify a confidential source or disclose confidential information relating to a criminal investigation" (Public Officers Law § 87[2][e][iii]), "in the absence of any evidence that [any] person received an express or implied promise of confidentiality'" (Matter of Exoneration Initiative v New York City Police Dept., 114 AD3d 436, 440 [1st Dept 2014]; see generally Matter of Friedman v Rice, 30 NY3d 461, 478 [2017]). Respondent's assertion that disclosure would reveal nonroutine "criminal investigative techniques or procedures" (Public Officers Law § 87[2][e][iv]) is conclusory.
The email messages submitted by petitioner in support of the article 78 petition are covered by the inter-agency or intra-agency materials exemption (Public Officers Law § 87[2][g]) because they amount to "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (Matter of Gould, 89 NY2d at 277). However, the applicability of this exemption to any other responsive records cannot be determined on this record in the absence of in camera [*2]review (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985] ["While the reports in principle may be exempt from disclosure, on this record — which contains only the barest description of them — we cannot determine whether the documents in fact fall wholly within the scope of FOIL's exemption for 'intra-agency materials'"]). Accordingly, we remand for a de novo determination, after an in camera inspection, of the applicability of the inter-agency or intra-agency materials exemption and any other exemptions properly raised by respondent (see id. ["Since it does not appear that either court below reviewed the reports to make such a determination, the matter must be remitted to permit an in camera inspection"]; cf. Church of Scientology of N.Y. v State of New York, 46 NY2d 906 [1979]), and for consideration of petitioner's request for attorney's fees and other litigation costs (see e.g. Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 438 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021